DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL 344, IAFF v
CITY OF DETROIT

Docket Nos. 46480, 46481. Submitted January 4, 1980, at Detroit.—
Decided February 21, 1980.

A dispute between the City of Detroit and The Detroit Fire
Fighters Association, Local 344, IAFF, arose over whether the
fire fighters employed by the city were entitled to seniority
credit, including credit for the purpose of salary step increases,
during periods in which fire fighters were laid off from work.
The matter was submitted to an arbitrator pursuant to the
provisions of the contract then in force. The arbitrator issued
an award in favor of the Fire Fighters Association. The City of
Detroit refused to comply with the award. The Fire Fighters
Association commenced an action in circuit court seeking en-
forcement of the award. The City of Detroit commenced a
separate action requesting that the arbitrator's award be va-
cated. By stipulation of the parties, the two actions were
consolidated, with the city's claim in its action being considered
to be a counter-claim in the action brought by the association.
The association moved for summary judgment. The city con-
ceded that there was no dispute as to any material fact, but
argued that the law supported its position. The Wayne Circuit
Court, Theodore R. Bohn, J., granted the association's motion
for summary judgment. The City of Detroit appeals. Held:

The city, under the guise of arguing that the arbitrator
exceeded his authority, sought to have the trial court, and
seeks to have this Court, review the merits of the dispute and
undertake an interpretation of the contractual provisions at
issue. Since the arbitrator's conclusions were within the frame-
work of the collective bargaining agreement, neither court may
substitute its judgment as to the meaning and intent of the
contractual provisions. The fact that the arbitrator's interpreta-
tion of a contract is wrong is irrelevant to the limited review of
an arbitrator's award that may be undertaken by a court. The

REFERENCE FOR POINTS IN HEADNOTE ·
[1] 5 Am Jur 2d, Arbitration and Award §§ 90, 145.

arbitrator's award being with the framework of the contract, the trial court's grant of summary judgment was proper.

Affirmed.

ARBITRATION AND AWARD — SCOPE OF JUDICIAL REVIEW — RELEVANCY OF THE ARBITRATOR'S INTERPRETATION.

An arbitrator's award which is determined to be within the framework of the contract at issue is not subject to further review by the courts; the fact that the arbitrator's interpretation of the contract is wrong is irrelevant to the limited review of arbitrator's awards that may be had in the courts.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare* (by *Theodore Sachs* and *Mary Ellen Gurewitz*), for plaintiff.

*George G. Matish,* Acting Corporation Counsel, and *Anna Diggs-Taylor* and *Frank W. Jackson,* Assistants Corporation Counsel, for defendant.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

PER CURIAM. This case was well-briefed by both sides and vigorously argued at every level; and, while statements of facts and counter-statements of facts were filed, the parties agree on the important issues necessary for this decision.

1. The parties to this suit have negotiated a collective bargaining agreement.

2. The agreement contains a provision that parties will submit disputes to an impartial arbitrator whose decision will be final and binding.[1]

3. A dispute arose over the seniority rights of firemen who had been laid off and whether such firemen were entitled to full seniority credit

---

[1] "There shall be no appeal from the decision of the Arbitrator if made in accordance with his jurisdiction and authority under this Agreement. It shall be final and binding on the Union, on all bargaining unit employees, and on the City."

toward step increases, which would result in higher salaries when rehired.

4. The contract between the parties contains a provision for police parity, to-wit: that the pay of fire fighters is tied to that of police officers.

5. As a result of not being able to resolve the dispute, the Fire Fighters Association sought arbitration. Through the procedures of the American Arbitration Association, the parties selected as arbitrator Dr. Bernard Klein, who conducted a hearing and issued an award in favor of the Fire Fighters Association.

6. The city would not comply with the arbitrator's decision; and the Fire Fighters Association, in turn, brought an action in Wayne County Circuit Court seeking enforcement of the arbitrator's award.

7. The city commenced a separate action requesting that the award be vacated.

8. The two cases were consolidated in the circuit court by stipulation, with the city's claim in its action being considered to be a counter-claim in the action brought by the Fire Fighters Association.

The association filed a motion for summary judgment alleging that there are no material facts at issue. The city in its circuit court brief agreed that there were no material facts at issue; however, the city claimed that summary judgment should not be granted because the law supported the position of the city as stated in their law suit. The circuit court granted the association's motion for summary judgment. The city appeals.

The city contends, as it did before the circuit court, that the arbitrator exceeded the scope of his authority by requiring the city to restore seniority, for pay increment purposes, of those fire fighters

laid off since 1975. In addressing that issue the lower court held:

"The principal issue presented is whether the arbitrator exceeded his authority in entering the award. The Court will find, based on the briefs, affidavits and arguments presented, that the arbitrator did not go beyond the issues presented to him by the parties as covered or set forth under the Collective Bargaining Agreement. In other words, the arbitrator did not exceed his authority."

The city claims that the following provision of the collective bargaining agreement specifically limits the authority of the arbitrator in the instant case:

"The City in no event shall be required to pay back wages for more than ten (10) working days prior to the date a written grievance is filed. In the case of a pay shortage of which the employee could not have been aware before receiving his pay, any adjustment shall be retroactive to the beginning of the pay period covered by such pay, if the employee files his grievance within ten (10) working days after receipt of such pay."

The city argues that this provision clearly limits the arbitrator's authority to issue an award. The city goes on to argue:

"Indeed the only exception to the 10 day rule is in the case of a pay shortage. Even there the authority of an arbitrator to issue a remedy is severely curtailed. An arbitrator does not have an equitable power to 'make whole' a grievant. His authority rests upon a presumption that the grievant would have offered proofs that he could not have known about his pay shortage prior to receiving his pay. Even here, the grievant would only get backpay to the beginning of the pay period that he discovered his shortage."

The arbitrator dealt with the city's position in the following manner:

"The claim of the City that back pay can only be applied for ten days prior to the filing of a grievance is rejected because that section of the contract must be read in its entirety and it states that 'The City shall not be required to pay back wages more than ten (10) working days prior to the date a written grievance is filed, except as to shortages' (Article 6, section I, p 11).

"This situation certainly fits the definition of a 'shortage' and therefore the Award can be applicable for a period going back further than ten working days."

The city's contention is at least arguable; however, it is also fatally defective. Under the guise of asking this Court to determine the scope of the arbitrator's authority, the city is, in actuality, asking for a review of the merits of the case and an interpretation of the contractual provisions at issue. It is clear from the arbitrator's opinion that his decision emanated from the collective bargaining agreement. Since the arbitrator's conclusions were within the framework of the contract, this Court's review of the matter is concluded. *Ferndale Education Ass'n v School Dist for the City of Ferndale #1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976). As the United States Supreme Court stated:

"As we there emphasized, the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593, 599; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

This controversy arose when on September 8, 1977, arbitrator E. J. Forsythe issued an award in a grievance arbitration case between the City of Detroit and the Detroit Police Officers' Association. The award held that police officers who had been laid off had to be credited, for purpose of salary step increases, with the seniority they would have accumulated had they not been laid off. The fire fighters, asserting their right to parity under their contract with the city, sought to have the the results of arbitrator Forsythe's award in the D.P.O.A. case applied to them. The arbitrator herein stated:

"Likewise the contention that parity means that the same applicable dates apply to both firefighters and police officers regardless of when the lay-offs occurred is a spurious one. Dr. Forsythe never mentioned dates but rather *established a principle, namely that lay-off time be counted toward seniority as it affects annual pay increments.* It is mere happenstance that some firefighters were laid off at earlier dates than some police officers, but it appears that there were some differences both within each department and between the two departments as to time of lay-offs. Certainly the requirements of parity would indicate that if 'seniority is to be intact without any loss' (Forsythe Award), it must be applied for the period of the lay-off of the individual firefighter or police officer and not for the lay-off period of someone else." (Emphasis supplied.)

Under the guise of arguing that the arbitrator exceeded his authority, the city is, in effect, contending that the arbitrator misinterpreted the collective bargaining agreement. However we are mindful that "[t]he fact that an arbitrator's interpretation of a contract is wrong is irrelevant". *Ferndale Education Association, supra,* 643. Since the arbitrator considered the city's position during

the arbitral proceedings, and since his conclusion to the contrary was clearly formed within the framework of the contract, we find no error in the lower court's grant of summary judgment.

Affirmed. No costs, a public question being involved.