Wayne McKINNEY et al.,
Plaintiffs-Appellants,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE NO. 1450, I.A.M., and Southern Railway Co., Defendants-Appellees.

No. 78–1043.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1980.

Decided June 13, 1980.

John R. Meldorf, Chattanooga, Tenn., for plaintiffs-appellants.

Michael S. Wolly, Mulholland, Hickey, Lyman, McCormick, Fisher & Hickey, Washington, D. C., for (Unions).

Louis C. Harris, Harris, Moon, Bell & McCallie, Chattanooga, Tenn., for (Labor Org.)

Charles W. Lusk, Jr., Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., for (Railway.)

William P. Stallsmith, Jr., Washington, D. C., for Southern Railway Co.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

HARRY PHILLIPS, Senior Circuit Judge.

This action against the Southern Railway Company and the plaintiffs' Union involves a dispute over seniority rights. Appellants charge that the Railway Company violated an employment contract between it and appellants by hiring journeyman mechanics or machinists and promoting these employees over the appellants. They further charge that the Union, as their collective bargaining representative, breached its duty of fair representation owed to appellants.

District Judge Frank W. Wilson granted summary judgment in favor of the Railway Company and Union and dismissed the suit. Plaintiffs appeal. We affirm.

## I

The suit originated as a class action in the Chancery Court of Hamilton County, Tennessee. The defendants successfully petitioned for removal to the United States District Court, asserting its original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Plaintiffs' motion to remand to the State Chancery Court was overruled by District Judge Wilson.

In their complaint filed in the State court, plaintiffs sought a temporary injunction, $40,000 in compensation and $580,000 in punitive damages. Judge Wilson summarized the allegations of the complaint as follows:

The plaintiffs are employees of the defendant Southern Railway Company. The plaintiffs are also members of the defendant Union, International Association of Machinists and Aerospace Workers, which is sued by the plaintiffs at both its district and local levels and which is the plaintiffs' bargaining agent for employment with the defendant Company. (The district and local unions will hereinafter be referred to as the "Union") During a period from June 15, 1973 to September 8, 1975, the plaintiffs were employed by the defendant Company to begin a four-phase Student Mechanics Program. According to the plaintiffs, when they entered the Student Mechanics Program they were advised by the Company that this four-phase "work up" program was the only route whereby the plaintiffs could obtain seniority and journeyman mechanic status within the Company. They were also advised that except in an emergency situation the Company would not directly hire journeymen off the street. Notwithstanding the Company's alleged agreement not to directly hire journeymen, on November 4, 1974, the Company hired six men who answered the Company's newspaper advertisement for journeymen mechanics. At the time, no emergency existed which justified direct hire of journeymen. These six men were then put into the Student Mechanics Program. Subsequently, pursuant to negotiations unknown to the plaintiffs, the

defendant Company and defendant Union entered into an agreement setting up as journeyman mechanics five of the six individuals who were recently hired. As part of the said agreement, the defendant Union agreed with the defendant Company that "no claims will be presented or progressed in behalf of employees at Chattanooga as a result of or in connection with . . . ." the advancement of the five individuals. The plaintiffs contend that the five individuals were wrongfully promoted ahead of the plaintiffs and that if the promotions are allowed to stand the plaintiffs would lose salary and seniority in their jobs. They have accordingly sued the defendant Company for breach of contract and have sued the defendant Union for breach of its duty of fair representation.

## II

Appellants contend that the district court erred in overruling their motion to remand the case to the State Chancery Court. They argue that their complaint states a cause of action under State law, and that the district court should have remanded the improperly removed suit to the State court for disposition of the State issues.

■ Judge Wilson held that since grievances or disputes concerning the application or interpretation of agreements between railroads and their employees are governed by the Railway Labor Act, *Andrews v. Louisville & Nashville Railway Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), and the duty of fair representation arises under federal law, *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Brough v. United Steelworkers*, 437 F.2d 748 (1st Cir. 1971), the action was properly removed pursuant to 28 U.S.C. § 1441(b). We agree with the holding of the district court on this issue.

## III

The motion of the Union for summary judgment alleged a lack of jurisdiction because plaintiffs had failed to exhaust the

internal union remedies available; because in an action by employees the court lacked jurisdiction to interpret the terms of the agreement between the railroad and Union representing the employees; and because the Union did not violate its duty of fair representation.

The railroad moved for summary judgment because the action involved a "minor" dispute under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.*, and was thus subject to the administrative remedies of the Act, and because there was no genuine issue of material fact.

■ In response to the plaintiffs' contention that they were not obligated to exhaust their administrative remedies as set out in the collective bargaining agreement, the district court recognized the futility of such an exercise in view of the refusal of the Union to assist the plaintiffs and defendants' agreement not to pursue grievances concerning the promotions. However, the district court recognized that the grievance procedure in the collective bargaining agreement was not the only route available to plaintiffs. Section 3(i) of the Railway Labor Act, 45 U.S.C. § 153(i),[1] provides plaintiffs with another avenue of redress. Pursuit of such a remedy is required when the dispute is "minor" and cannot be resolved through negotiations or prescribed grievance procedures. If such is the case, the National Railroad Adjustment Board then has primary and exclusive jurisdiction to interpret the parties' agreement and make a binding award. *Order of Rail Conductors v. Pitney*, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1946); *Local 1477, United Transportation Union v. Baker*, 482 F.2d 228 (6th Cir. 1973) (A "minor" dispute includes a controversy over the meaning of an existing collective bargaining agreement in a particular fact situation).

■ Rule 65 [2] of the collective bargaining agreement deals with the status of journeymen machinists. Under the agreement, a journeyman machinist is a person who either has completed the student mechanics program or who has three years in the trade and is otherwise skilled to perform machinist's duties on locomotives. Rule 20(e) of the collective bargaining agreement allows any employee a reasonable time to establish the proper qualifications for journeyman status. Five of the newly hired six mechanics proved their qualifications pursuant to Rule 20(e) and were promoted while plaintiffs were obligated to complete the student mechanics program.

Since plaintiffs' employment with the railroad was governed by the terms of the collective bargaining agreement, disputes concerning its terms or interpretations thereof, as "minor" disputes, must first be submitted to the National Railroad Adjustment Board which has primary and exclusive jurisdiction pursuant to 45 U.S.C. § 153(i). We agree with the district court's disposition of this issue.

■ The district court correctly held that in order to charge a Union with breach of the duty of fair representation, the plaintiff must prove arbitrary, discriminatory or bad faith action or some other animus related conduct on the part of the Union. Since

1. (i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

2. RULE 65. Any man who has completed a student mechanic training program or has had three years' experience at the machinist trade and who by his skill and experience, is qualified and capable of laying out and fitting together the metal parts of any machine or locomotive, with or without drawings, and competent to do either sizing, shaping, turning, boring, planing, grinding, finishing or adjusting the metal parts of any machine or locomotive whatsoever shall constitute a machinist.

the record reveals that the five promoted employees were properly reclassified as journeymen pursuant to Rule 65 of the collective bargaining agreement, and since there is no showing that the Union breached the terms of the collective bargaining agreement, the plaintiffs have failed to allege, much less by their affidavits establish, animus. We hold that their suit against the local and international unions was properly dismissed.

All remaining contentions on this appeal have been reviewed and we likewise find them to be without merit. The order of the district court of November 22, 1977, as amended on December 14, 1977, granting the defendants' motions for summary judgment is affirmed.

No costs are taxed. The parties will bear their own costs in this court.