**CITY OF SAGINAW, Plaintiff-Appellee,**

v.

**SERVICE EMPLOYEES INTERNA-
TIONAL UNION, LOCAL 446–M,
Defendant-Appellant.**

No. 82–1593.

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 31, 1983.

Decided Nov. 3, 1983.

Rehearing Denied Dec. 29, 1983.

Floyd P. Kloc, Otto W. Brandt, Jr., Saginaw, Mich., for plaintiff-appellee.

Peter C. Jensen, Borrello, Thomas & Jensen, Saginaw, Mich., for defendant-appellant.

Before LIVELY, Chief Circuit Judge, PECK, Senior Circuit Judge, and NEESE *, Senior (retired) District Judge.

NEESE, Senior District Judge.

The defendant-appellant Service Employees International Union, Local 466–M (the union), appeals the declaratory judgment of the District Court for the Eastern District of Michigan, Northern Division, that the arbitral-award rendered it against the plaintiff-appellee City of Saginaw, Michigan (the employer), is unenforceable because its implementation would violate the Comprehensive Employment Training Act (the CETA), as amended in 1978, 29 U.S.C. §§ 801, *et seq.,* regulations promulgated thereunder, and a public-policy of federal labor law expressed therein. Such award was made under the grievance/arbitration clauses of the collective-bargaining contract of the employer and the union and concerned the layoffs by the employer of some

---

* Honorable C.G. Neese, Senior Judge, retired United States District Judge for the Eastern District of Tennessee, sitting by designation and assignment.

14 of its CETA-employees when the earnings of each from such employment attained the aggregate amount of $14,400.

The employer defended the grievance of the union in the arbitration on the basis that its layoff of its CETA-employees was mandated by federal law which took precedence over any conflicting provision of the contract of the parties. *Cf. W.R. Grace and Co. v. Local 759,* —— U.S. ——, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983). The arbitrator resolved such dispute by deciding that, in laying-off those workers, the employer violated seniority ("bumping-rights") provisions of such contract.

The union moved for a dismissal, contending *inter alia* that the employer was attempting to establish subject-matter jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The District Court sustained its jurisdiction on an examination of the entire complaint, finding therefrom a proper basis for its assuming jurisdiction in the fact that the action "arises under, and requires an interpretation of [the] CETA," so that it had "subject matter jurisdiction * * * as a case which 'arises under the ... laws ... of the United States' pursuant to 28 U.S.C. 1331."[1]

■ We resolve all questions regarding the subject-matter jurisdiction of the District Court before ruling on the merits of an appeal. *Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir.1983). It appeared to us from our pre-submission investigation that the District Court might have lacked federal-question jurisdiction of the subject matter[2] from the expressions of the Supreme Court in *Franchise Tax Bd. v. Const. Laborers Vac. Trust,* —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), decided after the District Court rendered judgment, and we requested supplemental briefs on the effect hereon of that decision. The employer contended that *Franchise Tax Bd.* had no application here, but we disagree.

■ As to the power of the District Court to entertain this litigation within the restricted area to which the laws of the United States confine its district courts, "'jurisdiction' means the kinds of issues which give right to entrance to federal courts." *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950). The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *supra,* confers no "absolute right upon the litigant." *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). One kind of issue which precludes entrance to federal courts is where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending state-court action by the declaratory judgment defendant and the lawsuit by the declaratory judgment defendant does not "arise under" federal law. *Franchise Tax Bd. v. Constr. Laborers Vac. Trust, supra,* —— U.S. at —— n. 14, —— n. 19, 103 S.Ct. at 2850 n. 14, 2851 n. 19 ("[A] declaratory judgment plaintiff could not get original federal jurisdiction if the anticipated [or impending] lawsuit by the declaratory judgment defendant would not 'arise under' federal law.")

It is represented to us by both parties that, on some undisclosed date subsequent to the commencement of this federal action, the union initiated a civil action in equity in the Circuit Court of Saginaw County, Michigan, bearing the docket no. 81–07443 CL–5, seeking enforcement judicially of its award under the contract of the parties, and that such action continues to pend. The union could not have instituted that action in a federal court, because it is state-created and could not "arise under" federal law.

■ Ordinarily, an action brought by a union against an employer to enforce an arbitration award rendered pursuant to a

---

1. "The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a).

2. It is not too late to notice on appeal a complete lack of jurisdiction in the District Court. *Panhandle East. P.L. Co. v. Federal Power Comm'n,* 324 U.S. 635, 638, 65 S.Ct. 821, 823, 89 L.Ed. 1241 (1945).

collective bargaining-agreement "arises under" § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and thus falls within original federal-question jurisdiction under § 1331(a) or 28 U.S.C. § 1337. This is so even where the union pleads a cause of action based solely under state contract-law because the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. *Id.,* —— U.S. at ——, 103 S.Ct. at 2853. "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.,* —— U.S. at ——, 103 S.Ct. at 2853–2854.

 Here, however, the union's suit could not have "arisen under" § 301 since the employer, as a local government unit of the State of Michigan, is exempted specifically from the definition of "employer" for purposes of § 301. 29 U.S.C. § 152(2).[3] *See Police Dept. of City of Chicago v. Mosley,* 408 U.S. 92, 102 n. 9, 92 S.Ct. 2286, 2294 n. 9, 33 L.Ed.2d 212 (1972). Where a governmental employer is involved, federal jurisdiction over such a suit does not exist. *Ayres v. International Broth. of Elec. Workers,* 666 F.2d 441, 444 (9th Cir.1982); *Crilly v. Southeastern Pa. Transp. Authority,* 529 F.2d 1355 (3d Cir.1976).

"The National Labor Relations Act leaves regulation of the labor relations of state and local governments to the States. * * * Michigan has chosen to establish for local government units a regulatory scheme". *Abood v. Detroit Bd. of Education,* 431 U.S. 209, 223, 97 S.Ct. 1782, 1798, 52 L.Ed.2d 261 (1977), *reh. den.,* 433 U.S. 915, 97 S.Ct. 2989, 53 L.Ed.2d 1102 (1977). Under that scheme,[4] a public employer must bargain collectively with repre-

sentatives of its employees, M.C.L. § 423.-215, M.S.A. § 17.455(15); and collective bargaining-agreements between such parties are authorized, *see Kaleva-Norman-Dickson Sch. D. of Mainistee, Etc.,* 393 Mich. 583, 227 N.W.2d 500, 503–504 (1975). A union may sue a municipal employer in circuit court for enforcement of an arbitration award rendered pursuant to such an agreement. *E.g. Detroit Fire Fighters v. City of Detroit,* 95 Mich.App. 628, 291 N.W.2d 145 (Mich.App.1980); *Metropolitan Council v. City of Center Line,* 91 Mich.App. 337, 283 N.W.2d 741 (1979). Therefore, the union's state-Court action arises under state-law and does not arise under federal-law within the intendment of 28 U.S.C. § 1331(a), *supra.*[5]

As the union, the declaratory-defendant herein, could not have gotten original federal-jurisdiction of its lawsuit to enforce its arbitral-award because the employer is not an "employer" for purposes of the National Labor Management Relation Act, 1947, *supra,* and its lawsuit could not "arise under" federal law, the employer was precluded from invoking the original federal-jurisdiction of its action under the Federal Declaratory Judgment Act, *supra,* against the union under 28 U.S.C. § 1331(a), supra. Accordingly, the judgment of the District Court is reversed with directions that this action be dismissed for its lack of jurisdiction of the subject-matter.

---

**3.** "The term 'employer' * * * shall not include * * * any State or political subdivision thereof." 29 U.S.C. § 152(2), *supra.*

**4.** Michigan's Public Employment Relations Act, M.C.L. §§ 423.201 *et seq.,* M.S.A. §§ 17.455(1), *et seq.*

**5.** This is so even if such state action involves a federal defense, including the defense of preemption, and even if the defense were anticipated in the union's complaint, and even if both parties admit that the defense is the only question truly at issue in such action. *See Franchise Tax Bd. v. Const. Laborers Vac. Trust, supra,* —— U.S. at ——, 103 S.Ct. at 2848.