John J. ADKINS, et al., Plaintiffs,

v.

GENERAL MOTORS CORP., et al., Defendants.

No. C-3-83-1088.

United States District Court, S.D. Ohio, W.D.

Jan. 20, 1984.

Dwight D. Brannon, Irving L. Saul, Dayton, Ohio, for plaintiffs.

Joseph P. Buchanan, Dayton, Ohio, Elmer W. Johnson, J.R. Wheatley, Gen. Counsel, General Motors Corp., Detroit, Mich., for defendant General Motors Corp.

Richard F. Rice, Kettering, Ohio, Carole W. Wilson, Washington, D.C., for defendant Intern. Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC and defendant Local 801, Intern. Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC.

## DECISION AND ENTRY SUSTAINING IN PART, AND OVERRULING IN PART, THE MOTION TO REMAND; FURTHER PROCEDURES SET

RICE, District Judge.

This case is before the Court upon Plaintiff's Motion to Remand (doc. # 6) the action, previously removed from the Montgomery County (Ohio) Common Pleas Court, to that Court. For the reasons set forth below, the Court sustains the motion in part, and overrules same in part, and will remand the case (in part) to state court, pending completion of further procedures by counsel.

## I. BACKGROUND

An understanding of the procedural posture of this case requires a brief summary of litigation previously brought before this Court. In January of 1982, many of the Plaintiffs in the instant case filed suit in this Court against the same defendants, namely, General Motors Corporation (GMC), the International Union of Electrical, Radio and Machine Workers, AFL–CIO (IUE), and its Local 801. *Adkins v. General Motors Corp.*, No. C–3–82–011 (filed January 18, 1982). The amended complaints therein contained two counts.[1] Plaintiffs advanced federal claims in the first count, alleging that the IUE and Local 801 violated their duty of fair representation, and that GMC breached a contract, with respect to negotiation, adoption, and implementation of certain collective bargaining agreements. This Complaint thus presented a "hybrid" action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and a claim under § 101(a)(1) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(1). Invoking the Court's pendent jurisdiction, Plaintiffs also set out four state claims in Count Two of the complaints: tortious interference with contract, breach of contract, infliction of mental anguish, and loss of consortium.

GMC moved to dismiss the complaints, pursuant to Fed.R.Civ.P. 12(b)(6), alleging that they failed to state a claim upon which relief could be granted. This Court sustained in part, and overruled in part, the motion to dismiss. *Adkins v. General Motors Corp.*, 556 F.Supp. 452 (S.D.Ohio 1983) (*Adkins I*). With respect to the federal claims, this Court held that same were sufficiently pleaded to survive a motion to dismiss, *except* that the spousal Plaintiffs had no standing to proceed. *Id.* at 456. With respect to the state claims, the Court considered two lines of defense raised by GMC: that the claims were preempted by federal labor statutes and, in any event, did not state a cause of action under Ohio law.

---

**1.** "[A] court may take judicial notice of its own record of another case between the same parties." *Harrington v. Vandalia-Butler Board of Educ.,* 649 F.2d 434, 441 (6th Cir.1981).

*Id.* The Court held as follows: (1) the tortious interference with contract claim did not state a cause of action under Ohio law; (2) the breach of contract claim was preempted by LMRA § 301; (3) the infliction of mental distress claim did not state a cause of action under Ohio law, at least against GMC,[2] and (4) the loss of consortium claim could go forward. *Id.* at 457–58.

Eventually, all Plaintiffs moved for summary judgment, pursuant to Fed.R.Civ.P. 56, on the grounds that, *inter alia,* the federal claims were barred by the applicable statute of limitations. On April 15, 1983, this Court issued an opinion agreeing with Defendants' position, holding that the federal claims were barred by applying the six-month statute of limitations found in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). *Adkins v. General Motors Corp.,* 573 F.Supp. 1188 (S.D.Ohio 1983). (*Adkins II*). Shortly thereafter, the Court entered judgment in favor of the Defendants, and Plaintiffs' appeal is now pending. Nos. 83–3392, 83–3416 (6th Cir., docketed June 14, 1983).[3] In the same decision, this Court dismissed the pendent state claims without prejudice, subject to any further litigation Plaintiffs might wish to pursue in state courts. *Id.* at 1201–02.

Apparently following this Court's suggestion, some 817 plaintiffs (most of whom were parties to the *Adkins* litigation in federal court) filed suit in the Montgomery County Common Pleas Court on September 19, 1983 (No. 83–2596). The complaint therein is of quite similar length and style to the complaints filed in the federal litigation. While the *factual* contentions are quite similar, the state court complaint does not refer to any federal statute. Instead, the complaint sets out, in somewhat different form, the four state law causes of action set forth in the complaints filed in federal court. Defendants (the same as those in the federal lawsuit) removed the suit to this Court in timely fashion, pursuant to 28 U.S.C. § 1441, contending that this Court would have original jurisdiction of the case under the NLRA and the LMRA (doc. # 1). Plaintiffs then moved to remand the matter back to state court, pursuant to 28 U.S.C. § 1447 and Fed.R.Civ.P. 81(c), on the basis that removal was improvidently granted.[4]

## II. PROPRIETY OF REMOVAL

A civil action in state court can be removed to federal court if the federal court would "have original jurisdiction" of the case. 28 U.S.C. § 1441(a). In *Franchise Tax Board v. Construction Laborers Vacation Trust,* — U.S. —, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (*Franchise Tax*), the Supreme Court recently reiterated the principles governing the removal of alleged federal question cases, as herein. Initially, the Court observed that "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of federal district courts," that is, whether the case "arises under" the Constitution or laws of the United States. *Id.* 103 S.Ct. at 2845 (citing 28 U.S.C. §§ 1331, 1337). Under the "well-pleaded complaint rule," *id.* 103 S.Ct. at 2847, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Id.* (emphasis in original, footnote omitted). Thus, even the assertion of a federal *defense* (such as preemption of a state cause of action by federal statutes) will generally not justify removal of a case. *Id.* 103 S.Ct. at 2847–48. In sum,

---

2. For more recent Ohio law on this point, *see Yeager v. Teamsters Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983); *Schultz v. Barberton Glass Co.,* 4 Ohio St.3d 131, 447 N.E.2d 109 (1983).

3. On June 8, 1983, the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held that *all* "hybrid" § 301 actions

would be governed by the six month statute of limitations found in NLRA § 10(b).

4. The Court notes it is considering the arguments raised in Plaintiffs' Reply Memorandum (doc. # 8), even though the memorandum appears to have been filed in an untimely manner. S.D.Ohio R. 4.0.2.

original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claims is "really" one of federal law. *Id.* 103 S.Ct. at 2848.

The Supreme Court went on to discuss several subsidiary issues relevant to the instant litigation. It pointed out that while a plaintiff can decide what law he or she will rely upon, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* 103 S.Ct. at 2853, citing *Avco Corp. v. Aero Lodge No. 735*, 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (*Avco*). In *Avco*, plaintiff brought a breach of contract action in state court, alleging that a union had violated a collective bargaining agreement. The Sixth Circuit and the Supreme Court both held that such a suit "arose under" LMRA § 301, and was properly removable, since *federal* law would apply to the suit, notwithstanding plaintiff's characterization of the action. *Id.* 103 S.Ct. at 2853–54.

> *Avco* stands for the proposition that if a federal cause of action *completely* preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.

*Id.* 103 S.Ct. at 2854 (emphasis added).

Defendants in the instant case reiterate the themes found in *Franchise Tax*. They argue that federal law is a substantial and necessary element of the Plaintiffs' claims, since the claims are allegedly nothing more than a "hybrid" LMRA § 301 lawsuit, setting forth both a breach of contract by GMC and a breach of the duty of fair representation by the Defendant unions. They also contend that removal is justified by the alleged preemption of Plaintiffs'

state causes of action. In contrast, Plaintiffs assert that they are simply following this Court's suggestion, by filing the pendent claims, previously dismissed by this Court, in state court.

The similarity of all the complaints in this litigation lends some credence to Defendants' position. Nevertheless, the Court cannot agree with Defendants that the *entirety* of the state court complaint is properly removable. The problem with Defendants' position is that they fail to appreciate the procedural history of this case. Likewise, Plaintiffs fail to realize that they have, perhaps inadvertently, pleaded facts which, like *Avco*, constitute a LMRA § 301 action.

While Plaintiffs are "masters" of the law they seek to rely upon, *Franchise Tax*, 103 S.Ct. at 2853, they cannot by "artful pleading" cast federal claims as state law claims. *Id.* *See also, Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); C. Wright, Law of Federal Courts 217–18 (4th ed. 1983). Herein, the procedural history of this litigation[5] clearly demonstrates that Plaintiffs, in their state court suit, were attempting to only assert the pendent state law claims dismissed, without prejudice, by this court in previous litigation. Unfortunately, Plaintiffs have made assertions in their lengthy complaint (e.g., breaches of a collective bargaining agreement, and of the duty of fair representation) which inexorably lead to the conclusion that a "hybrid" § 301 action is being pleaded. Under *Franchise Tax*, such allegations would be "completely" preempted by the body of federal law developed for hybrid § 301 actions. 103 S.Ct. at 2854. Similarly, this Court held in *Adkins I* that the pendent claim for "breach of contract" was preempted by LMRA § 301. 556 F.Supp. at 457–58. Thus, to the extent Plaintiffs' state court complaint sets forth a "hybrid" or "straightforward" LMRA § 301 action, it is

---

**5.** It is not inappropriate to look beyond the face of a complaint (to the balance of the record) to aid in determining the proper characterization of the complaint or, in other words, what law

Plaintiffs were attempting to rely upon. *See Franchise Tax*, 103 S.Ct. at 2853 n. 24, 2855; *Moitie, supra*, 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2; footnote one, *supra*.

"completely" preempted by federal law, and properly removable to this court. *Accord, McKinney v. Machinists Lodge No. 1450,* 624 F.2d 745, 747 (6th Cir.1980). Although not mentioned by Defendants, the Court also finds removal appropriate for that portion of the complaint which could arguably give rise to an action under LMRDA § 101(a)(1).[6]

Such a holding, however, does not deal with the entirety of the state court complaint. In Counts Two through Four of that complaint, Plaintiffs have advanced additional state causes of action. Defendants do not expressly address these claims. They appear to argue indirectly that any additional claims would be preempted by the NLRA and LMRA, and thus be removable. Defendant Unions' Memorandum in Support of Removal, doc. #7, pp. 15–17 & n. 5. Indeed, even Plaintiffs join issue on this preemption argument, contending that the remaining causes of action are *not* preempted.

Counsel fail to recognize the general rule, reiterated in *Franchise Tax,* that a federal preemption defense is generally *not* a proper basis for removal. 103 S.Ct. at 2848. *Accord, City of Saginaw v. Service Employees Int'l Union,* 720 F.2d 459, 462 & n. 5 (6th Cir.1983) (discussing *Franchise Tax*). An exception to this rule comes into play, as in *Avco,* when a "federal cause of action completely preempts a state cause of action" by creating "a body of federal common law." 103 S.Ct. at 2854. *See also, LaFreniere v. General Electric Co.,* 572 F.Supp. 857, 862 (N.D.N.Y.1983) (discussing *Franchise Tax*). This Court held in *Adkins I* that these same[7] state causes of action were not preempted by federal law.

556 F.Supp. at 457–58. Defendants have not asked, and the Court sees no reason to deviate from these holdings. Neither LMRA § 301, nor any other federal statute, *completely* preempts *all* the causes of action advanced in the state court complaint. *Cf. Franchise Tax,* 103 S.Ct. at 2854 n. 28 ("But even under § 301 we have never intimated that any action merely relating to a contract within the coverage of § 301 arises exclusively under that section."); Comment, *Intimations of Federal Removal Jurisdiction in Labor Cases: The Pleadings Nexus,* 1981 Duke L.J. 743, 763–64 (same). Accordingly, the *remaining* causes of action advanced in Plaintiffs' state court complaint are *not* removable to this Court.

## III. CONCLUSION

For these reasons, the Court sustains in part, and overrules in part, the Motion to Remand. The motion is overruled to the extent that the state court complaint can be read as advancing claims under LMRA § 301 or LMRDA § 101. The motion is sustained in all other respects. Remand of only *part* of the complaint is permissible. 28 U.S.C. § 1441(c). To the extent this Court possesses discretion under § 1441(c) to retain the nonremovable claims with the removable claims, the Court declines to exercise same. This Court has previously disposed of the federal claims in *Adkins* on statute of limitations grounds. The removable claims in the instant litigation will undoubtedly be disposed of on the same grounds, as the Court expects Defendants to file motions for summary judgment to that effect. *See* footnote six, *supra.* Thus, it will not serve the purposes of

---

**6.** It is evident from Defendants' answer (docs. #4 & 5) to the state court complaint that they intend to seek dismissal of the federal claims on statute of limitations grounds, invoking the doctrine of res judicata.

**7.** Plaintiffs have also advanced a fraudulent misrepresentation claim in their state court complaint. As indicated in *Adkins I,* this Court did not read the federal complaints as advancing such a pendent claim (although it might have been discerned between the lines of the nearly 100-page complaints). Defendants are,

of course, free to assert preemption defenses (or, indeed, any federal or state defenses) to that cause of action, as well as any other remanded back to state court. *Franchise Tax,* 103 S.Ct. at 2848 n. 12; *City of Saginaw,* 720 F.2d at 462, n. 5. Standing alone, such defenses do not justify removal to this Court. *Id.* It would seem, though, that the state court, after remand, would be obliged to give res judicata effect to the federal preemption holdings rendered by this Court in *Adkins I.*

judicial economy for this Court to resolve the nonremovable claims. *See generally Lemke v. St. Margaret Hospital,* 552 F.Supp. 833, 840–41 (N.D.Ill.1982).

Plaintiffs have also moved for an award of costs if their petition for remand was sustained, pursuant to 28 U.S.C. § 1447(c). Before the Court orders the Clerk of Courts to take steps to remand the case (in part), the Court will give Plaintiffs the opportunity to seek such costs. Plaintiffs must file a motion for such costs, together with any affidavits and appropriate materials, within 20 days after receipt of this Entry. The motion, if filed, should be briefed according to S.D.Ohio R. 4.0.2, and will then be decided by this Court.