**Tamara COTTRILL, Plaintiff,**

**v.**

**OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION, et al., Defendant.**

**No. C86–4256–A.**

United States District Court, N.D. Ohio, E.D.

July 7, 1987.

*See In Re Romulus Community Schools,* 729 F.2d at 437–38.

Edward L. Gilbert Co., LPA, Canton, Ohio, for plaintiff.

Marc E. Myers, Gurley, Rishel, Myers & Kopech, Anthony J. Celebrezze, Jr., Atty. Gen., Cordelia A. Glenn, Asst. Atty. Gen., Columbus, Ohio, for defendant.

## ORDER

BELL, District Judge.

Plaintiff Tamara Cottrill filed this action pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 185 *et seq.*, (LMRA) and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff, a civil service worker, complains about her discharge from employment by defendant Apple Creek Developmental Center (Apple Creek), a state agency. She has sued her unions, Ohio Civil Service Employees Association and Local 11–AFSCME representative Daniel Scott Smith, in relation to the appeal of her discharge. The civil rights claim is against defendants Apple Creek, Dr. Jef-

frey Speis and Sue Keller, and involves their failure to give her an adequate and meaningful pretermination hearing in violation of the fourteenth amendment. *See* Amended Complaint ¶ 15, 16, 17, 32. Plaintiff seeks injunctive relief in the form of reinstatement, back pay and damages.

There are two motions presently before the court. Defendants Union and Daniel Smith have filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b). Defendants Apple Creek, Dr. Jeffrey Speis and Sue Keller have filed a motion for summary judgment pursuant to Rule 56 on plaintiff's civil rights claim. Plaintiff has filed a brief in opposition to the motion to dismiss. She has not, however, responded to the motion for summary judgment even though the time for response was enlarged. Each motion will be discussed separately.

### I. *Motion to Dismiss filed by the Union and Daniel Smith*

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is constrained to accept as true the allegations of a complaint. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983), *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1065 (6th Cir.1984). To dismiss the complaint against defendant, the court would have to find it beyond doubt that the plaintiff can prove no set of facts in support of its claim which would justify the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Plaintiff alleges in her complaint that defendants Union and Smith breached their fiduciary duty of fair representation in violation of section 301 of LMRA by failing to process an appeal from an adverse decision by her employer, Apple Creek. Plaintiff was a state civil service employee when she

worked for Apple Creek. Further, Apple Creek is a political subdivision of the state as that term is defined in *N.L.R.B. v. National Gas Utility District*, 402 U.S. 600, 604–05, 91 S.Ct. 1746, 1749–50, 29 L.Ed.2d 206 (1971) (If an entity is either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate, it meets the "political subdivision" exemption of section 2 of LMRA.). The State of Ohio created the Ohio Department of Mental Retardation and Developmental Disabilities pursuant to Ohio Revised Code section 5123.02 which operates Apple Creek. In addition, the director of that department is appointed by and responsible to the governor of Ohio. O.R.C. § 121.03(A)(16).

Plaintiff may not proceed under section 185 of LMRA as she did not work for an "employer" as that term is defined in 29 U.S.C. section 152(2) and used in section 185(a). Section 152(2) specifically excludes state or political subdivisions from the definition of "employer." Courts reviewing the matter have concluded that public employers are not included in LMRA's definition of "employer." *Manfredi v. Hazelton City Authority, Water Department*, 793 F.2d 101, 104 (3d Cir.1986); *City of Saginaw v. Service Employees International Union, Local 446–M*, 720 F.2d 459, 462 (6th Cir.1983); *Ayres v. International Brotherhood of Electrical Workers*, 666 F.2d 441, 442–44 (9th Cir.1982); *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355, 1357 (3d Cir.1976).

As the definition of "employee" under section 152(3) includes only individuals employed by "employers" as defined by section 152(2), plaintiff cannot proceed under LMRA and the Union is not a proper defendant by virtue of the fact that it does not represent "employees" covered by LMRA. Federal jurisdiction over this portion of plaintiff's suit does not exist.

Accordingly, the motion to dismiss submitted by defendants Union and Daniel Smith is granted. Plaintiff's claims brought pursuant to LMRA, 29 U.S.C. § 185, are hereby dismissed as are defendants Union and Daniel Smith.

## II. Motion for Summary Judgment filed by defendants Apple Creek, Jeffrey Speis and Sue Keller

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.*, 532 F.2d 1070 (6th Cir.1976). The inquiry performed at this stage is whether a trial is required to resolve genuine factual issues. "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986) (citations omitted). Pursuant to Rule 56(e), once a motion for summary judgment is made and supported by evidence, the non-moving party may not rest upon the allegations in his pleadings but must set forth specific facts that demonstrate a genuine issue for trial. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986).

The defendants assert two grounds for summary judgment: the state's eleventh amendment immunity and failure to prove a constitutional deprivation for purposes of section 1983. Defendants request further that upon entry of summary judgment, the court dismiss plaintiff's pendent claim. The facts, as drawn from the complaint and

the evidence attached to defendants' motion, follow.

Plaintiff was employed as a hospital aide by Apple Creek. On January 18, 1986, plaintiff and another employee became involved in an altercation which required intervention by a supervisor and another employee. Supplemental Documentation in Support of Motion, Affidavit of David M. Gall (Gall Affidavit) at ¶ 3–4. An investigation was conducted and plaintiff gave a statement indicating that she and the other employee converged in a doorway and tried to push each other out of the way. Motion Exhibit 1–a.

Plaintiff was notified by Dr. Speis, director of Apple Creek, that he intended to remove her from her employment and that he would conduct a pre-discipline hearing on the charge of failure of good behavior, fighting on duty. Motion Exhibit 2. The hearing notice further advised her that she could present documentary and witness evidence at the hearing. *Id.* The pre-discipline conference was held on January 18, 1986 as noticed. Plaintiff attended the hearing and was represented by union steward Tim Mallett. Gall Affidavit at ¶ 7. On January 29, 1986, plaintiff was notified that she was removed from her position effective that day because she had been found guilty of fighting on duty. Motion Exhibit 3. This notice also advised her of her right of appeal. Motion Exhibit 3–a.

The basis of plaintiff's claim against Apple Creek, Speis and Keller is that her due process right to a meaningful pretermination hearing was violated. She seeks injunctive relief in the form of reinstatement with an award of back pay as well as compensatory and liquidated damages. Defendants Apple Creek, Speis and Keller earlier moved to dismiss this cause on the basis of their eleventh amendment immunity. That motion was denied, however, because a due process question was raised on the face of the complaint which under some circumstances could have formed the basis of a claim. Defendants again raise their eleventh amendment immunity in their request for summary judgment. The court finds that on the basis of the record now before the court, the relief sought must be granted on the basis of immunity and on the absence of a due process violation to support a section 1983 claim.

The eleventh amendment bars suit by a private party who seeks to impose legal or equitable liability for past acts or omissions and penalty of which would be payable from state funds. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Foulks v. Ohio Dept. of Rehabilitation & Correction,* 713 F.2d 1229 (6th Cir.1983) This bar is not absolute, however, and may be waived by the sovereign. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). Any such waiver must be unequivocally expressed. *Id.* In the absence of consent to suit, the eleventh amendment bar extends to suits against a state or its agencies, *id.* at 100, 104 S.Ct. at 907–08, and against state officers in their official capacity. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This is so because the state is the real party in interest when one of its officials is sued in her official capacity. *Kentucky v. Graham,* 473 U.S. 159 (1985); *Brandon v. Holt,* 469 U.S. 464, 471–73, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985); *Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062, 1065 (6th Cir.1984). The eleventh amendment bar does not preclude suits for money damages against state officers in their individual capacities. *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *Great Northern Life Insurance Co. v. Read,* 322 U.S. 47, 50–51, 64 S.Ct. 873, 874–75, 88 L.Ed. 1121 (1944). Nor does it bar suits seeking prospective injunctive relief. *Edelman v. Jordan,* 415 U.S. at 663–67, 94 S.Ct. at 1355–58.

■ Plaintiff clearly is suing defendants Speis and Keller in their official capacity only, and she is not seeking prospective injunctive relief. She, instead, is seeking back pay damages and reinstatement, a form of retroactive rather than prospective injunctive relief. This type of relief is barred by the eleventh amendment. *See Lee v. Western Reserve Psychiatric Habil-*

*itation Center,* 747 F.2d 1062, 1066 (6th Cir.1984). Although plaintiff also seeks an award of attorney fees which is possible regardless of the eleventh amendment bar, this award may only be based on a claim brought for prospective injunctive relief. *Id.* Her claims are thus barred by the eleventh amendment.

As further basis for summary judgment, plaintiff's claim does not arise to a constitutional deprivation. To establish a claim under section 1983, there are two jurisdictional prerequisites. First, plaintiff must have been deprived of rights, privileges or immunities secured by the Constitution and laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Second, it must be alleged that the defendants were acting under color of law when they committed these constitutional deprivations. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ The defendants were acting on behalf of the state so as to satisfy one of the requirements of a section 1983 claim. However, she has shown no factual issue regarding the pretermination procedures employed by the state in this case. The defendants do not appear to dispute that plaintiff had a protected property interest in her continued employment which could not be extinguished without comporting with due process requirements, *Loudermill v. Cleveland Board of Education,* 721 F.2d 550, 560 (6th Cir.1983), *affirmed,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). They contend, however, and this court agrees that there is no question that she was given a "pretermination opportunity to respond" which met that requirement. As stated by the Sixth Circuit Court of Appeals in *Lee v. Western Reserve Psychiatric Rehabilitation Center:*

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaning-

ful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). In general this requires that an individual be afforded some opportunity to be heard before he is finally deprived of a property interest. *See, e.g., Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974).

747 F.2d at 1068.

In this case, plaintiff was notified of the charge against her and of a pretermination hearing to be conducted by Dr. Speis which she could attend and present evidence. Plaintiff attended the hearing and was represented by a union steward. Thereafter, she was notified that she was being removed on the basis of the charge of "failure of good behavior: fighting on duty" for which she had been found guilty. Plaintiff had an opportunity to respond to these charges at a meaningful time sufficient to satisfy the requirements of due process. Consequently, as there is no issue of material fact arising from these procedures, and no constitutional deprivation is shown, summary judgment is granted in defendants favor on this basis also.

Exercise of jurisdiction over pendent claims is within the discretion of the trial court. *Roberts v. City of Troy,* 773 F.2d 720, 726 (6th Cir.1985). As the court has no independent jurisdiction over them, pendent claims may be dismissed if the federal claim is dismissed prior to trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 680 (6th Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977); *Nash & Associates, Inc. v. Lum's of Ohio, Inc.,* 484 F.2d 392, 396 (6th Cir. 1973). As all of the federal claims have been dismissed, the court hereby dismisses plaintiff's pendent state claim.

Accordingly, defendant Union and Smith's motion to dismiss is granted, defendant Apple Creek, Speis and Killer's

motion for summary judgment is granted and this matter is dismissed in its entirety.

IT IS SO ORDERED.