**Sandra Ann ANDERSON, Plaintiff,**

v.

**MORAINE PARK TECHNICAL COLLEGE and Moraine Park Federation of Teachers, Local 3338, Defendants.**

**No. 88–C–575.**

United States District Court, E.D. Wisconsin.

Oct. 5, 1988.

Sandra Ann Anderson, pro se.

Edgarton, Ondrasek, St. Peter, Petak & Massey by John A. St. Peter, Fond du Lac, Wis., for Moraine Park Technical College.

Shneidman, Myers, Dowling & Blumenfield by Timothy E. Hawks, Milwaukee, Wis., for Moraine Park Federation of Teachers, Local 3338.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Ms. Anderson, pro se, seeks appointment of counsel pursuant to 28 U.S.C. § 1915(d). In support of her request, she states that she does not have the capacity to undertake her own representation because the issues are too complex and she does not understand the rules of procedure. Her application for the appointment of counsel must be denied.

Before appointing counsel under § 1915(d), the initial inquiry must be whether the claim is of sufficient merit to warrant such an appointment. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir.1987). In my opinion, Ms. Anderson's chances of success in this litigation are nil, with or without a lawyer.

Earlier, I made a preliminary finding that Ms. Anderson may have stated a breach of contract or a duty of fair representation claim under § 301(a) of the Labor

Management Relations Act, 29 U.S.C. § 185(a); as a consequence, she was allowed to file her complaint without paying the requisite fee. This determination was necessarily made without the benefit of the defendants' answers. Now that the defendants have responded to the complaint by filing motions to dismiss, it is clear that the court does not have jurisdiction over Ms. Anderson's action. The motions to dismiss will be granted.

Section 301 of the Labor Management Relations Act confers jurisdiction in the federal district court to adjudicate claims arising from "violation of contracts between an employer and a labor organization ...." 29 U.S.C. § 185(a). The act applies only to certain employers and their employees; specifically, it does not cover state or federal employers.

> The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, ...

29 U.S.C. § 152(2). *See also Ayres v. Electrical Workers,* 666 F.2d 441, 444 (9th Cir. 1982); *Saginaw v. Service Employee,* 720 F.2d 459, 462 (6th Cir.1983).

Defendant Moraine Park Technical College (MPTC) is an exempt employer. MPTC is one of several vocational, technical and adult educational facilities created and governed by Wisconsin statutes. *See* Chapter 38, Wis.Stats. 1985–86. Because MPTC is created and governed by state statute, it is a political subdivision of the state of Wisconsin. *See NLRB v. Natural Gas Utility District,* 402 U.S. 600, 604–05, 91 S.Ct. 1746, 1749–50, 29 L.Ed.2d 206 (1971).

Since MPTC is not an employer within the meaning of the Labor Management Relations Act, it follows then that its employees cannot be subject to the Act.

> It should be noted that the definition of employee in § 2(3) of the Wagner Act, 29 U.S.C. § 152(3), is dependent upon the definition of employer. Thus, if SEPTA is not an employer for the purposes of

the Act, the Local's members cannot be employees,[1] and there is no federal jurisdiction over either the fair representation or the breach of contract claims.

*Crilly v. Southeastern Pennsylvania Trans. Authority,* 529 F.2d 1355, 1357 n. 5 (3rd Cir.1976).

The unambiguous language of the relevant statute forecloses this court from adjudicating Ms. Anderson's claims; the action and all of the other pending motions filed by the plaintiff will be dismissed.

Therefore IT IS ORDERED that plaintiff's motion for the appointment of an attorney pursuant to 28 U.S.C. § 1915(d) be and hereby is denied.

IT IS ALSO ORDERED that defendants' motions to dismiss be and hereby are granted.

IT IS FURTHER ORDERED that the plaintiff's motion to vacate the arbitration award be and hereby is dismissed.

IT IS FURTHER ORDERED that plaintiff's action be and hereby is dismissed.