64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martha Anne WEST, Plaintiff-Appellant,
v.
Simone PERRY, Principal A.L. Holmes High School; Detroit
Board of Education; Bernard Tinsley; Detroit
Federation of Teachers, Defendants-Appellees.
 Nos. 95-1031, 95-1033, 95-1034.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: KENNEDY, WELLFORD and SILER, Circuit Judges.
 
 ORDER
 
 1
 Martha Anne West, a pro se Michigan resident, has filed three appeals from a district court judgment dismissing her civil complaint filed pursuant to 42 U.S.C. Sec. 2000e (Title VII), 29 U.S.C. Sec. 185 (the Labor Management Relations Act), and multiple state law claims. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). West requests oral argument.
 
 
 2
 Seeking monetary relief, West sued the Detroit Board of Education, two elementary school principals, and the Detroit Federation of Teachers (Union) contending that: 1) she was unlawfully discharged based on sex and race discrimination; 2) the Union breached its duty of fair representation; and 3) she was a victim of sexual harassment. The defendants moved to dismiss the complaint and West opposed the motion. The district court granted summary judgment for the defendants and dismissed the case.
 
 
 3
 West then filed three timely notices of appeal from the district court's judgment. On appeal, West raises numerous issues.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. The uncontested facts establish that West did not timely file her Title VII complaint. Under Title VII, all civil actions must be filed within ninety days after the receipt of a right to sue notice. 42 U.S.C. 2000e-5(f)(1). West withdrew her EEOC complaint in June 1991. Despite the withdrawal, a right to sue letter was issued on August 2, 1991. After three attempts at delivery, the notice was returned as unclaimed. The letter was sent to West's proper address. A second right to sue letter was issued on June 7, 1993. The issuance of this second letter does not revive West's right to sue. Brown v. Mead Corp., 646 F.2d 1163, 1165-68 (6th Cir. 1981). Thus, West's Title VII claims are barred.
 
 
 6
 West failed to state a claim against the Union under the Labor Management Relations Act, 29 U.S.C. Sec. 185. As West was an employee of a political subdivision of the State of Michigan, she could not assert a claim under the Act. See City of Saginaw v. Service Employees Int'l Union, Local 446-M, 720 F.2d 459, 461-62 (6th Cir. 1983).
 
 
 7
 West raises numerous supplemental state law claims. Because West failed to establish a federal claim, the district court could properly decline to entertain West's state law claims. See Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir. 1990). As for West's remaining claims, we conclude that these arguments are without merit.
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.