**Paul ADKINS, Plaintiff-Appellant,**

v.

**SEABOARD SYSTEM RAILROAD, Defendant-Appellee.**

No. 86–5715.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1987.

Decided June 18, 1987.

Debra A. Catron, argued, Hazard, Ky., for plaintiff-appellant.

Larry Deener, argued, Landrum, Shouse and Patterson, Lexington, Ky., for defendant-appellee.

Before WELLFORD and NORRIS, Circuit Judges; and COHN, U.S. District Judge.[*]

PER CURIAM:

Appellant Paul Adkins, a former railroad employee now receiving disability pension benefits, has sued Seaboard System Railroad (Seaboard), his former employer, for emotional distress with respect to the circumstances of what he claims was a threatened discharge for insubordination.

Adkins initially sought relief through the grievance procedures under his collective bargaining agreement. He designated his union as his collective bargaining agent and requested an investigation under that agreement. The investigation request was based on the same alleged "conspiracy" (between Seaboard and two of appellant's superiors, who supervised him) to fire Ad-

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

kins, which is at issue here. The investigation resulted in a finding of no violation of the collective bargaining agreement. Adkins did not appeal the result of this hearing.

Adkins then filed a complaint alleging that defendant's employees "deliberately and premeditately [sic] conspired to have the Plaintiff terminated without any regard to the possible consequences of their actions ... culminating in him suffering great emotional distress and physical pain as a result of these actions." In her brief, Adkins' counsel states that her client "is not seeking damages for embarassment, harassment, or emotional harm as has been the fact situation in most of the cases"[1] relied upon by Seaboard and the trial court, which granted appellee judgment.

The district court dismissed the case for lack of jurisdiction, ruling that the National Railroad Adjustment Board had exclusive jurisdiction over the case. Adkins now appeals that ruling and asserts that the court has jurisdiction to hear the claim under the Federal Employers' Liability Act. The issues on appeal are whether this action for "deliberately" acting to have appellant terminated, which culminated in "great emotional distress," falls within the exclusive jurisdiction of the National Railroad Adjustment Board (NRAB) under the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.*, as determined by the district court, and whether the action is cognizable within the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*

Judge Siler decided that this was a "minor dispute ... regarding the meaning of an existing collective bargaining agreement" and thus must come within the jurisdiction of the NRAB, citing *Andrews v. L & N Railroad Co.,* 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972) and *McKinney v. International Ass'n of Machinists,* 624 F.2d 745, 748 (6th Cir.1980), because "the unjust treatment" alleged by appellant "is covered by the language of the collective bargaining agreement."

An unpublished decision of this court in *Antalek v. Norfolk and Western Co.,* No. 84–3057 (6th Cir. Aug. 30, 1984) [742 F.2d 1454 (table)], supports the district court's decision. Plaintiff Antalek sued his former railroad employer for intentional infliction of emotional distress resulting from various supervisors harassing him in conspiracy with a view to terminating him. This court held that the claim came "within the purview of the RLA and, therefore, exclusive jurisdiction lies in the hands of the NRAB." *Antalek,* slip op. at 2 (citing *Andrews, supra; McKinney, supra* ).

Shortly before the oral argument in this case, however, the Supreme Court held that "[t]he fact that an injury otherwise compensable under the FELA was caused by conduct that may have been subject to arbitration under the RLA does not deprive an employee of his opportunity to bring an FELA action for damages. *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* —— U.S. ——, 107 S.Ct. 1410, 1415, 94 L.Ed.2d 563 (1987). Assuming that *Buell* applies retroactively to this case, we would be called upon to reverse the district court's ruling that the NRAB has exclusive jurisdiction over Adkin's claim.

Our analysis, however, does not end with a ruling that, in light of *Buell,* the RLA is not the exclusive avenue for this claim. In *Buell* the Court ruled only that a claim "otherwise compensable under the FELA" may be pursued under the FELA despite the applicability of arbitration under the RLA. In this case, we find that Adkins has not asserted a claim that is otherwise compensable under the FELA.

We note that the Court in *Buell* referred only to *negligent* conduct as giving rise to an FELA claim. *See* —— U.S. at ——, ——, 107 S.Ct. at 1413, 1415. Although *Buell* notes that the FELA has been held to apply to some intentional torts, —— U.S. at ——, n. 8, 107 S.Ct. at 1414 n. 8, the FELA has not been applied to any intentional torts lacking any physical dimension such as assault. *Antalek,* slip op. at 2–3; *Lancaster*

---

**1.** Appellant's brief later makes clear that Adkins is seeking "damages for his psychiatric disabili-

ty."

*v. Norfolk and Western Railway Co.,* 773 F.2d 807, 813 (7th Cir.1985), *cert. denied,* — U.S. ——, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987). The *Buell* Court expressly declined to decide whether "purely emotional injuries" are cognizable under FELA, — U.S. at ——, 107 S.Ct. at 1417, and we have held that a claim for intentional infliction of emotional distress is not cognizable under the FELA. *Antalek,* slip op. at 2–3.

Adkins' attorney has attempted on appeal to characterize his claim as a negligence claim, but the complaint and facts alleged by Adkins indicate that the claim is clearly one for intentional infliction of emotional distress. The complaint mentions only "deliberate" and "premeditated" acts and makes no reference whatever to negligence or lack of due care. The alleged injury itself, moreover, is purely emotional. *See supra* note 1. We hold therefore that this claim of an intentional tort resulting in a purely emotional injury is not cognizable under the FELA.

Accordingly, we AFFIRM the dismissal of Adkins' claim because the claim is not cognizable under the FELA.