
**Lynne B. HARRIS, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, et al., Defendants.**

Civ. A. No. 89-0403-R.

W.D. Virginia,
Roanoke Division.

Sept. 28, 1989.

Maryellen F. Goodlatte, Robert A. Ziogas, Glenn, Flippin, Feldmann & Darby, Roanoke, Va., for plaintiff.

Thomas T. Lawson, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff in her complaint identifies three separate claims, sex discrimination, negligent infliction of emotional distress, and intentional infliction of emotional distress. The sex discrimination claim is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the emotional distress claims are brought pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq. The defendants include two corporations and two individuals. The case is before the Court on the defendants' motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. The parties have submitted briefs, the Court has heard oral argument, and the matter is ripe for decision.

## PLAINTIFF'S ALLEGATIONS OF FACT

Plaintiff was employed by the Norfolk and Western Railway Company ("N & W") on June 8, 1970. On July 1, 1988, plaintiff became an employee of the Norfolk Southern Corporation as a result of its merger with the N & W. At the time of the merger, plaintiff was employed as a staff assistant, a category 01 officer and supervisor according to the Norfolk Southern's employee categories. On September 9, 1988, a meeting was held in the Roanoke office to announce plans to relocate the Norfolk Southern medical department from Roanoke to Norfolk. It was announced before all persons present at the meeting that plaintiff was to be transferred to Norfolk and would assume the position of insurance and audit clerk, which involved a reduction in her responsibilities. It was also announced that the position of staff

assistant would be filled by Michael Coleman, a male, and that a newly created position of medical administrator would be filled in Norfolk. Plaintiff indicated her interest in this newly created position, but was told that the position was to be filled from outside by a person with a master's degree and military background, also a male.

It is undisputed that plaintiff was subsequently offered the staff assistant position in Norfolk. Plaintiff alleges, however, that she was mentally and emotionally disabled and unable to perform the requirements of the position. On March 31, 1989, plaintiff's employment was terminated because she continued to be unable to work. As of the date of the hearing on defendants' motion to dismiss, September 20, 1989, plaintiff continued to assert that she was mentally and emotionally disabled and unable to return to work.

### EMOTIONAL DISTRESS CLAIMS UNDER FELA

Plaintiff asserts a claim for negligent infliction of emotional distress and a claim for intentional infliction of emotional distress under the FELA. In *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), the United States Supreme Court declined to decide whether or in what circumstances such claims for emotional distress would be cognizable under the FELA. Plaintiff's allegations are that her "demotion" and replacement were announced in the presence of other employees and that it created a "false impression that her work was inferior and unsatisfactory when in fact that was not the case." These allegations fail to state a claim under the FELA for a number of reasons.

Initially, the Sixth Circuit has held that claims for intentional infliction of emotional distress are not covered by the FELA. *Adkins v. Seaboard System Railroad,* 821 F.2d 340 (6th Cir.), *cert. denied* 484 U.S. 963, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987). While this Court would agree with the reasoning and decision of the Sixth Circuit and dismiss the intentional infliction of emotion-

al distress claim on that basis, the Court finds that the claim in this case would fail even if it were properly actionable under the FELA.

The Supreme Court in *Buell* clearly recognized that if claims of infliction of emotional distress were asserted, a prerequisite to recovery would be "unconscionable abuse." 480 U.S. at 566, fn. 13, 107 S.Ct. at 1416 fn. 13. *See also Netto v. Amtrak,* 863 F.2d 1210, 1214 (5th Cir.1989). The Supreme Court also indicated in *Buell* that consideration of state common law is appropriate for guidance in resolving claims for emotional injury. *Id.,* 480 U.S. at 568, 107 S.Ct. at 1417. Virginia does not recognize a cause of action for negligent infliction of emotional distress. *El–Meswari v. Washington Gas Light Co.,* 785 F.2d 483 (4th Cir.1986). Recovery for intentional infliction of emotional distress in Virginia requires proof of conduct that is extreme and outrageous, offending general standards of decency. *Womack v. Eldridge,* 215 Va. 338, 210 S.E.2d 145 (1974). *See also Gaiters v. Lynn,* 831 F.2d 51 (4th Cir.1987). An employee must show that the employer's conduct was "so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Owens v. Ashland Oil, Inc.,* 708 F.Supp. 757, 760 (W.D.Va.1989), *citing Restatement (2d) of Torts* § 46d (1977). Whether the employer's conduct meets this requirement is for the Court to determine. *Womack,* 215 Va. at 342, 210 S.E.2d 145. The Court finds without reservation that the conduct described by the plaintiff in this case, even if true, does not rise to the level of unconscionable abuse necessary to maintain an action under the FELA for emotional distress, intentional or negligent. Consequently, the FELA claims must be dismissed.

As a further basis for dismissal of the claim for negligent infliction of emotional distress, it is clear from the allegations in the complaint that plaintiff's extreme reaction could not have been reasonably foreseen. While demotions during the course

of mergers and corporate acquisitions, particularly when announced openly at department meetings, can be expected to cause disappointment and hurt feelings, they are a normal part of these employment circumstances and cannot be reasonably expected to cause severe, disabling emotional distress which would prevent an employee from performing any work for a full year. Absent the necessary element of foreseeability, the plaintiff has not set forth a cause of action for negligence. *See Stoklosa v. Consolidated Rail Corp.*, 864 F.2d 425, 426 (6th Cir.1988); *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987).

## TITLE VII CLAIM

 Plaintiff alleges that she was discriminated against on the basis of her sex in violation of Title VII. The jurisdictional prerequisite to bringing an action under Title VII is the filing of a charge with the Equal Employment Opportunity Commission ("EEOC") naming the defendant as the respondent. 42 U.S.C. § 2000e–5(f)(1). Where the plaintiff has failed to name any of the defendants in the EEOC charge, the plaintiff has failed to satisfy this jurisdictional requirement. *Mickel v. South Carolina State Employment Service*, 377 F.2d 239, 242 (4th Cir.), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). The only respondent named in plaintiff's EEOC charge was the Norfolk Southern Corporation. The plaintiff has presented no basis for excepting her case from this requirement that the defendant have been named as a respondent in the charge. Plaintiff's reliance on *Alvarado v. Board of Trustees*, 848 F.2d 457 (4th Cir.1988) is misplaced. In *Alvarado*, the plaintiff's EEOC charge was filled out by an employee of the Maryland Commission on Human Relations, plaintiff had limited command of the English language and was communicating with the commission employee through a relative who accompanied plaintiff to translate, and plaintiff was asked only where he worked and not to name the parties against whom the charge was being filed. None of these exceptional circumstances is present in Ms. Harris's case.

Further, in *Alvarado*, the Court specifically noted that there was no functional distinction between the college and its board of trustees and that all individual defendants were sued only in their official capacities as trustees and as president of the college. By contrast, plaintiff in the case currently before the Court has attempted to sue two individuals in their personal capacity and a separate corporate entity, none of whom were named as respondents in the EEOC charge. Consequently, the Norfolk Southern is the only proper defendant in the Title VII action.

The Norfolk Southern argues in support of its motion to dismiss the Title VII claim that plaintiff was offered the staff assistant position in Norfolk and did not report to assume those duties. As a result, plaintiff's right to relief would be terminated at that point and, having lost no wages and being unable to perform the requirements of the position, plaintiff would not be entitled to any relief under Title VII. Plaintiff responds, however, that the offer of the position in Norfolk was not made in good faith and was made with the knowledge that she would be unable to report to work by the unilaterally imposed deadline. This allegation, made by plaintiff in her complaint and accepted as true by this Court for purposes of a motion to dismiss, makes dismissal inappropriate. This does not, however, preclude a subsequent motion for summary judgment on the part of Norfolk Southern.

## CONCLUSION

Based upon the foregoing, the motion to dismiss the claims for intentional infliction of emotional distress and negligent infliction of emotional distress should be granted as to all defendants. The motion to dismiss the Title VII claim should be granted as to defendants Norfolk & Western Railway Company, J.P. Salb, M.D., and T.C. Sheller and should be denied as to defendant Norfolk Southern Corporation. An appropriate order consistent with this memorandum opinion shall be filed this day.

570

In accordance with the memorandum opinion filed this day, it is hereby

ORDERED

as follows:

(1) The motion to dismiss Counts II and III of the complaint shall be and hereby is GRANTED;

(2) The motion to dismiss Count I of the complaint shall be and hereby is GRANTED as to defendants Norfolk & Western Railway Company, J.P. Salb, and T.C. Sheller; and

(3) The motion to dismiss Count I of the complaint shall be and hereby is DENIED as to defendant Norfolk Southern Corporation.