Garland **SIMMONS**, Plaintiff,

v.

**NORFOLK & WESTERN RAILWAY COMPANY and Norfolk Corporation, Defendants.**

**Civ. A. No. 88–0497–R.**

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 28, 1990.

---

Irving Schwartzman, Savage & Schwartzman, P.A., Baltimore, Md., and

Gordon H. Shapiro, Lutins & Shapiro, Roanoke, Va., for plaintiff.

William B. Poff and Clinton S. Morse, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff filed this action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, alleging that he was publicly harassed on the job and that this alleged harassment constitutes intentional infliction of emotional distress. Defendants moved to dismiss or, in the alternative, for summary judgment arguing that claims for intentional infliction of emotional distress are not actionable under the FELA and that the allegations fail as a matter of law to state a claim for intentional infliction of emotional distress. The parties have submitted briefs and the motion is now ripe for decision.

Plaintiff's claims that he was publicly harassed at work fail to state a claim under the FELA for at least two reasons. Initially, as this Court has previously recognized, claims for intentional infliction of emotional distress are not covered by the FELA. *Harris v. Norfolk and Western Railway Co.,* 720 F.Supp. 567 (W.D.Va. 1989). Secondly, even were such claims actionable under the FELA, plaintiff's claims do not meet the requirements under Virginia law for recovery.[1] Recovery for intentional infliction of emotional distress in Virginia requires proof that the conduct is extreme and outrageous, offending traditional notions of decency. *Womack v. Eldridge,* 215 Va. 338, 210 S.E.2d 145 (1974). The plaintiff must show that the conduct complained of was "so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Owens v. Ashland Oil, Inc.,* 708 F.Supp. 757 (W.D.Va.1989). *See also Harris,* 720

---

1. The United States Supreme Court in *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 568, 107 S.Ct. 1410, 1417, 94 L.Ed.2d 563 (1987) indicated that it is appropriate to look to state common law in resolving claims for emotional distress.

F.Supp. at 568. It is the obligation of the Court to determine initially whether the employer's conduct meets this standard. *Womack,* 215 Va. at 342, 210 S.E.2d 145. In making this determination, the Court finds *Restatement (2d) of Torts,* § 46d instructive. That section provides:

> Liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. The rough edges of our society are still in need of a good deal of filing down and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

This definition is particularly applicable in the context of workplace disputes. *See, e.g. Netto v. Amtrak,* 863 F.2d 1210 (5th Cir.1989); *Harris, supra; Owens, supra.* The Court finds without reservation that plaintiff's allegations that he was "cursed and screamed at in public" and was "continually ordered from job to job to the accompaniment of cursing and shouting," even if proved, do not rise to the level of outrageousness required for a claim of intentional infliction of emotional distress.

■ Apparently aware of this Court's opinion in the *Harris* case, counsel for plaintiff in his brief in opposition to the motion for summary judgment asserts that plaintiff also has an assault claim. The Court notes initially that the complaint contains no cause of action for assault and no factual allegations which would support such a cause of action. Similarly, the deposition testimony given by plaintiff does not describe any behavior which would state a claim for assault. Plaintiff does not allege that he was threatened with bodily harm, that any force or violence to do bodily harm was used against him, or any other facts required for an actionable assault. *See, e.g. Gelhaus v. Eastern Airlines,* 194 F.2d 774 (5th Cir.1952). Plaintiff's strongest allegation regarding an assault involves an

incident where a supervisor "threw his finger up and said, 'If you're not satisfied we will go outside right now.'" Plaintiff and the supervisor did not go outside and the matter ended. Plaintiff admits that he did not know what the supervisor meant by the statement. Such conduct constitutes, at most, "mere preparation to commit a violent injury on the person of another, unaccompanied by a physical effort to do so." *See* 6 Am.Jur.2d, Assault and Battery, § 23. This fails to state a claim for actionable assault.[2]

For the foregoing reasons, defendants' motion for summary judgment should be granted. An appropriate order consistent with this memorandum opinion shall be entered this day.

---

[2]. Again, it is instructive to look to state law when resolving claims for emotional distress. The rule in Virginia is clear that mere words alone, however insulting and abusive, cannot constitute an actionable assault. *See Harper v.*

*Commonwealth,* 196 Va. 723, 85 S.E.2d 249 (1955); *Bowles v. May,* 159 Va. 419, 166 S.E. 550 (1932); *Berkeley v. Commonwealth,* 88 Va. 1017, 14 S.E. 916 (1892).