Docket No. 85821–Agenda 8–January 1999.

RONALD WILSON, Appellee, v. NORFOLK & WESTERN 

 RAILWAY COMPANY, Appellant.

Opinion filed June 17, 1999.

JUSTICE BILANDIC delivered the opinion of the court:

The circuit court of Madison County certified the following question for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

“Whether plaintiff must plead and offer proof of physical contact or the threat of physical contact before a plaintiff can recover for the intentional infliction of emotional distress under the [Federal Employers’ Liability Act].”

We answer this question in the affirmative.

FACTS

Plaintiff, Ronald Wilson, filed this action in the circuit court of Madison County on April 24, 1995. His single-count complaint charged his employer, Norfolk & Western Railway Company (defendant), with intentional infliction of emotional distress in violation of the Federal Employers’ Liability Act (FELA) (45 U.S.C. §51 
et seq
. (1994)).

Plaintiff alleged that he was employed by defendant as a trainman between June 28, 1972, and January 30, 1995. Plaintiff claimed that, during that time period, he was injured by the intentional acts of one of defendant’s managerial agents, Mike Will, who was employed by defendant as a trainmaster. The complaint charged that defendant violated the FELA through the intentional infliction of emotional distress and demeaning comments by Mike Will. Plaintiff claimed that, as a result of defendant’s violation of the FELA, he suffered severe and permanent injury to his nervous system.

Defendant moved to dismiss the complaint for failure to state a cause of action. Defendant’s motion argued that, based on decisions of the Seventh Circuit Court of Appeals, plaintiff had failed to state a cause of action under the FELA because he had not alleged physical contact or threat of physical contact to him as a result of defendant’s acts. The circuit court denied defendant’s motion to dismiss, but granted defendant leave to further address this issue by means of a motion for summary judgment.

Defendant thereafter filed a motion for summary judgment reasserting the argument made in its motion to dismiss. Defendant again pointed out that plaintiff’s complaint did not allege physical contact or threat of physical contact. The motion for summary judgment also referenced plaintiff’s deposition testimony. In that testimony, plaintiff conceded that he did not sustain any physical contact or threat of physical contact as a result of actions by defendant. Plaintiff responded to the motion by urging the circuit court to hold that such evidence is not required to recover for intentional infliction of emotional distress under the FELA.

The circuit court denied defendant’s motion for summary judgment. Defendant subsequently filed a motion for reconsideration or, in the alternative, a Rule 308 finding. The circuit court denied the motion for reconsideration, but entered an order certifying the above question for interlocutory appeal pursuant to Rule 308.

The appellate court accepted defendant’s Rule 308 petition for leave to appeal. The appellate court answered the certified question in the negative, holding that a plaintiff need not plead and prove physical contact or threat of physical contact in order to recover for intentional infliction of emotional distress under the FELA. Relying on section 46 of the Restatement (Second) of Torts, the appellate court held that a plaintiff need only prove that the defendant has, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to the plaintiff. In so holding, the appellate court expressly declined to follow the precedent of the Seventh Circuit Court of Appeals on this issue. 296 Ill. App. 3d 1044.

We accepted defendant’s petition for leave to appeal (177 Ill. 2d R. 315), and we now reverse the appellate court.

ANALYSIS

Section 1 of the FELA provides, in pertinent part, as follows:

“Every common carrier by railroad *** shall be liable in damages to any person suffering injury while he is employed by such carrier *** for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees or such carrier ***.” 45 U.S.C. §51 (1994).

We must determine whether a claim for intentional infliction of emotional distress is cognizable under this section without evidence that the plaintiff was subjected to physical contact or the threat of physical contact by the defendant’s acts.

The FELA was enacted in 1908 for the purpose of providing a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees. 
Atchison, Topeka & Santa Fe Ry. Co. v. Buell
, 480 U.S. 557, 561, 94 L. Ed. 2d 563, 570, 107 S. Ct. 1410, 1413 (1987). “Cognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers every year, Congress crafted a federal remedy that shifted part of the ‘human overhead’ of doing business from employees to their employers.” 
Consolidated R. Corp. v. Gottshall
, 512 U.S. 532, 542, 129 L. Ed. 2d 427, 439, 114 S. Ct. 2396, 2404 (1994). In order to further this goal, Congress eliminated a number of traditional defenses to tort liability. Specifically, the FELA abolished the fellow servant rule, rejected contributory negligence in favor of comparative negligence, prohibited employers from exempting themselves from the FELA through contract, and, in a later amendment, abolished the assumption of risk defense. 45 U.S.C. §§51, 53-55 (1994).

The FELA is a broad remedial statute and is to be liberally construed to accomplish Congress’ objectives. 
Buell
, 480 U.S. at 562, 94 L. Ed. 2d at 571, 107 S. Ct. at 1413-14. The FELA is not, however, a workers’ compensation statute. The basis for liability under the statute is the employer’s negligence, not merely the fact that an employee is injured on the job. 
Gottshall
, 512 U.S. at 543, 129 L. Ed. 2d at 440, 114 S. Ct. at 2404. What constitutes negligence under the FELA is a federal question to be decided in accordance with the common law as it is developed in the federal courts. 
Urie v. Thompson
, 337 U.S. 163, 174, 93 L. Ed. 1282, 1294-95, 69 S. Ct. 1018, 1026-27 (1949). Further, while the statute speaks only of the employer’s “negligence,” it has been held applicable to at least some intentional torts. See 
Jamison v. Encarnacion
, 281 U.S. 635, 641, 74 L. Ed. 1082, 1086, 50 S. Ct. 440, 442 (1930); 
Lancaster v. Norfolk & Western Ry. Co.
, 773 F.2d 807, 813 (7th 1985) (holding that the applicability of the FELA to at least some intentional torts is “too well settled to be questioned any longer”).

In this case, plaintiff seeks to recover damages under the FELA for intentional infliction of emotional distress. Plaintiff’s claim is based on alleged demeaning comments directed at him by defendant’s agent, Mike Will. Plaintiff concedes that he did not suffer any physical contact or threat of physical contact as a result of Will’s actions. Plaintiff asserts that an action for intentional infliction of emotional distress is cognizable under the FELA without such evidence, as long as the defendant’s conduct was extreme and outrageous. Defendant contends, on the other hand, that a plaintiff must plead and prove physical contact or the threat thereof in order to state this cause of action under the FELA.

The decisions of the federal courts interpreting a federal statute such as the FELA are controlling upon Illinois courts “ ‘in order that the act be given uniform application.’ ” 
Busch v. Graphic Color Corp.
, 169 Ill. 2d 325, 335 (1996), quoting 
Bowman v. Illinois Central R.R. Co.
, 11 Ill. 2d 186, 200 (1957). We therefore review the federal case law on this issue.

The United States Supreme Court has not addressed this precise issue. It has, however, considered questions concerning the recovery of damages for emotional distress under the FELA. The Court was presented with such an issue in 
Atchison, Topeka & Santa Fe Ry. Co. v. Buell
, 480 U.S. 557, 94 L. Ed. 2d 563, 107 S. Ct. 1410 (1987). In 
Buell
, the plaintiff filed a FELA claim against his railroad employer alleging that he suffered severe injuries as a result of negligent and intentional harassment and intimidation by fellow employees. The primary issue presented to the 
Buell
 Court was whether the possibility of pursuing a labor grievance under the Railway Labor Act deprives an employee of his right to bring an action under the FELA. The Court determined that the availability of a remedy under the Railway Labor Act does not necessarily deprive an injured employee of the right to pursue a claim for damages under the FELA. 
Buell
, 480 U.S. at 564, 94 L. Ed. 2d at 572, 107 S. Ct. at 1415. The railroad in 
Buell
 argued in the alternative that the plaintiff’s FELA claim should fail because “wholly emotional injury” is not compensable under the FELA. Although the court of appeals had reached this issue, the Supreme Court found that the record was not sufficiently developed for the Court to address this issue properly. The Court reasoned that whether an employee can recover for emotional injury “might rest on a variety of subtle and intricate distinctions related to the nature of the injury and the character of the tortious activity.” 
Buell
, 480 U.S. at 568, 94 L. Ed. 2d at 575, 107 S. Ct. at 1417. The Court concluded that the record did not contain the facts necessary to determine whether the plaintiff could pursue his claim for emotional injuries under the FELA. The 
Buell
 Court therefore did not address the question of whether wholly emotional injuries are compensable under the FELA.

Subsequently, in 
Consolidated R. Corp. v. Gottshall
, 512 U.S. 532, 129 L. Ed. 2d 427, 114 S. Ct. 2396 (1994), the Supreme Court addressed “questions left unanswered” in 
Buell
. In 
Gottshall
, the plaintiffs in two consolidated cases sued their railroad employer under the FELA for negligent infliction of emotional distress. The 
Gottshall
 Court stated that it must determine “under what circumstances emotional distress may constitute ‘injury’ resulting from ‘negligence’ for purposes of the statute.” 
Gottshall
, 512 U.S. at 542, 129 L. Ed. 2d at 439, 114 S. Ct. at 2403. The Court described “emotional distress” in this context as mental or emotional harm that is caused by the negligence of another and that is not directly brought about by a physical injury. 
Gottshall
, 512 U.S. at 544, 129 L. Ed. 2d at 441, 114 S. Ct. at 2402.

After noting that a right to recover for negligently inflicted emotional distress was recognized by many jurisdictions at the time the FELA was enacted and is nearly universally recognized among the states today, the 
Gottshall
 Court concluded that claims for negligent infliction of emotional distress are cognizable under the FELA. The Court further stated, however, that policy considerations, including the potential for trivial or fraudulent claims and “the very real possibility of nearly infinite and unpredictable liability for defendants,” required placing limitations on the availability of that cause of action. 
Gottshall
, 512 U.S. at 545-46, 129 L. Ed. 2d at 441-42, 114 S. Ct. at 2405. The Court adopted the common law zone of danger test as defining the proper scope of an employer’s duty under the FELA to avoid subjecting its employees to negligently inflicted emotional injury. 
Gottshall
, 512 U.S. at 554, 129 L. Ed. 2d at 447, 114 S. Ct. at 2410. The zone of danger test, as explained by the 
Gottshall
 Court, limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant’s negligent conduct, or who are placed in immediate risk of physical harm by that conduct. 
Gottshall
, 512 U.S. at 547-48, 129 L. Ed. 2d at 442-43, 114 S. Ct. at 2406.

The Court reasoned that the zone of danger test best reconciled the concerns of the common law with the principles underlying the FELA. First, the Court considered the state of the common law in 1908 when the FELA was enacted. The Court noted that the zone of danger test had been adopted by a significant number of jurisdictions at that time. The 
Gottshall
 Court therefore held that, considering the issue “ ‘in the appropriate historical context,’ ” it was “reasonable to conclude that Congress intended the scope of the duty to avoid inflicting emotional distress under FELA to be coextensive with that established under the zone of danger test.” 
Gottshall
, 512 U.S. at 555, 129 L. Ed. 2d at 447, 114 S. Ct. at 2410; quoting 
Monessen Southwestern Ry. Co. v. Morgan
, 486 U.S. 330, 337, 100 L. Ed. 2d 349, 359, 108 S. Ct. 1837, 1843 (1988).

Second, the 
Gottshall
 Court reasoned that the zone of danger test is consistent with “FELA’s central focus on physical perils.” 
Gottshall
, 512 U.S. at 555, 129 L. Ed. 2d at 447, 114 S. Ct. at 2410. The Court explained that the FELA was intended to provide compensation for the injuries and deaths caused by the physical dangers of railroad work. The Court, however, acknowledged that, although the statute may have been primarily focused on physical injury, its language referred simply to “injury,” which, as it had already held, could encompass both physical and emotional injury. The Court concluded that allowing recovery for negligently inflicted emotional injury as provided under the zone of danger test best harmonized these considerations. The Court explained:

“Under this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not. Railroad employees thus will be able to recover for injuries–physical and emotional–caused by the negligent conduct of their employers that threatens them imminently with physical impact. This rule will further Congress’ goal in enacting the statute of alleviating the physical dangers of railroading.” 
Gottshall
, 512 U.S. at 556, 129 L. Ed. 2d at 448, 114 S. Ct. at 2410-11.

The Supreme Court in 
Gottshall
 thus established that, in order to recover for negligent infliction of emotional distress under the FELA, a plaintiff must plead and prove physical contact or the threat of physical contact. In this case, defendant asserts that the reasoning of 
Gottshall
 applies equally to a claim for intentional infliction of emotional distress. As plaintiff points out, however, the Court in 
Gottshall
 expressly noted that it was not addressing the separate tort of intentional infliction of emotional distress. 
Gottshall
, 512 U.S. at 541 n.2, 129 L. Ed. 2d at 439 n.2, 114 S. Ct. at 2403 n.2. Accordingly, the Supreme Court has not definitively answered the question presented in the case at bar.

Defendant urges that we follow the approach of the Seventh Circuit Court of Appeals on this issue. The Seventh Circuit has, in several cases, held that a plaintiff must prove physical contact or the threat of physical contact in order to establish a claim for intentional infliction of emotional distress under the FELA. In 
Lancaster v. Norfolk & Western Ry. Co.
, 773 F.2d 807 (7th Cir. 1985), the plaintiff brought a claim against his railroad employer under the FELA based on his mistreatment at the hands of several supervisors. The plaintiff was both threatened and physically assaulted by different supervisors. These incidents caused the plaintiff’s mental condition to deteriorate to the point where the plaintiff was diagnosed as schizophrenic. The Seventh Circuit held that the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact. In particular, the court held, there is no claim under the FELA for any intentional tort “where the physical dimension [is] lacking.” 
Lancaster
, 773 F.2d at 813. Reviewing the evidence, the court noted that the incidents which precipitated the plaintiff’s psychosis each constituted assault, battery or negligent infliction of personal injury. Accordingly, because each of these torts involved physical contact or the threat thereof, the plaintiff could pursue these claims under the FELA. 
Lancaster
, 773 F.2d at 815.

The Seventh Circuit reaffirmed its 
Lancaster
 holding in 
Hammond v. Terminal R.R. Ass’n
, 848 F.2d 95 (7th Cir. 1988). The plaintiff in 
Hammond
 brought an action against his railroad employer under the FELA charging the defendant with deliberately inflicting emotional distress on him. The plaintiff charged that the defendant, inappropriately and for the purpose of causing him emotional distress, charged the plaintiff with violation of his job duties. The 
Hammond
 court held that the plaintiff’s claim was clearly barred by the 
Lancaster
 holding that the FELA is limited to tortious conduct involving unwanted physical contact or threats of such contact. 
Hammond
, 848 F.2d at 97-98.

Finally, in 
Ray v. Consolidated R. Corp.
, 938 F.2d 704 (7th Cir. 1991), the Seventh Circuit was again presented with a claim for emotional injury under the FELA. The plaintiff in 
Ray
 alleged that his supervisor negligently and intentionally caused him to suffer emotional injury by threatening, harassing, and intimidating him. The court of appeals affirmed the dismissal of the plaintiff’s complaint, reiterating the holdings of 
Lancaster
 and 
Hammond
 that injury must result from physical contact or the threat of physical contact for the plaintiff to recover under the FELA. The court specifically rejected the plaintiff’s contention that it should reconsider those decisions in light of the Supreme Court’s comments in 
Buell
. The Seventh Circuit stated that it remained unpersuaded that it must recognize emotional injury under the FELA where there is no showing of physical contact or threat of physical contact. 
Ray
, 938 F.2d at 705.

The Sixth Circuit Court of Appeals has used similar reasoning to reject a claim for intentional infliction of emotional distress under the FELA. In 
Adkins v. Seaboard System R.R.
, 821 F.2d 340 (6th Cir. 1987), the plaintiff brought a claim under the FELA against his former railroad employer alleging that its agents deliberately conspired to have the plaintiff terminated, causing him to suffer emotional distress. The Sixth Circuit determined that the plaintiff’s claim was not compensable under the FELA. Citing its own prior precedent and 
Lancaster
, the court held that the FELA is not applicable to intentional torts that lack “any physical dimension.” 
Adkins
, 821 F.2d at 341-42.

Plaintiff claims that the approach taken by the Seventh Circuit, and by the Sixth Circuit in 
Adkins
, is but one view among conflicting federal authorities. Plaintiff asserts that other federal courts have held that a claim for intentional infliction of emotional distress is cognizable under the FELA without any showing of physical contact or the threat of physical contact, as long as the plaintiff shows unconscionable or outrageous abuse by the defendant. In support of this assertion, plaintiff cites the Sixth Circuit’s decision in 
Adams v. CSX Transportation, Inc.
, 899 F.2d 536 (6th Cir 1990), and the Fifth Circuit Court of Appeals’ decision in 
Netto v. Amtrak
, 863 F.2d 1210 (5th Cir. 1989).

Adams
 does not support plaintiff’s position. In 
Adams
, the Sixth Circuit was presented with the issue of whether a cause of action for 
negligent
 infliction of emotional distress was cognizable under the FELA. The court specifically noted that it had previously held, in 
Adkins
, that a claim for 
intentional
 infliction of emotional distress was not cognizable under the FELA because the statute was not applicable to intentional torts that lack “any physical dimension.” 
Adams
, 899 F.2d at 539. The 
Adams
 court went on to conclude that it need not decide whether a cause of action for negligent infliction of emotional distress exists under the FELA because, even if it did, the plaintiff therein had failed to establish essential elements of that tort, including “unconscionable abuse” by the employer. 
Adams
, 899 F.2d at 539.

Similarly, in 
Netto
, the Fifth Circuit declined to decide whether a plaintiff may recover under the FELA for “purely emotional injuries.” The plaintiff in 
Netto
 sought to recover under the FELA for intentional and negligent infliction of emotional distress. After noting that the Supreme Court in 
Buell
 had left open the question of the compensability of such injuries under the FELA, the 
Netto
 court elected to “resist[ ] the opportunity to ‘explor[e] the frontier possibly opened by 
Buell
.’ ” 
Netto
, 863 F.2d at 1213-14, quoting 
Moody v. Maine Central R.R. Co.
, 823 F.2d 693, 694 (1st Cir. 1987). The court determined that it need not decide whether a plaintiff may recover for purely emotional injuries under the FELA because the plaintiff in that case had failed to establish an essential element of that claim, unconscionable or outrageous conduct by the defendant. 
Netto
, 863 F.2d at 1214. Thus, given the 
Netto
 court’s actual holding, it is questionable whether 
Netto
 supports the argument advanced here by plaintiff.

Plaintiff also cites to two federal district court cases, 
Kraus v. Consolidated R. Corp.
, 723 F. Supp. 1073 (E.D. Pa. 1989), and 
Harris v. Norfolk & Western Ry. Co.
, 720 F. Supp. 567 (W.D. Va. 1989), in support of his assertion that the federal case law is in conflict on this issue. 
Harris
, however, does not support plaintiff’s position. Although the district court in that case determined that “unconscionable abuse” would be an essential element of a claim for intentional infliction of emotional distress under the FELA, the court also stated that it agreed with the holding of the Sixth Circuit in 
Adkins
 that claims for intentional infliction of emotional distress are not covered by the FELA. 
Harris
, 720 F. Supp. at 568. The other district court case cited by plaintiff, 
Kraus
, arguably supports plaintiff’s theory here. 
Kraus
 held simply that the plaintiff therein had not pled sufficiently outrageous conduct to sustain a claim for intentional infliction emotional distress under the FELA. 
Kraus
, 723 F. Supp. at 1088.

Our review of the federal case law on this issue thus reveals that the decisions of the lower federal courts are not perfectly consistent, if not actually conflicting. Given that the Supreme Court has not spoken on this issue, we elect to follow the precedent of the Seventh Circuit. We find the analysis of the Seventh Circuit to be reasonable and logical. The Seventh Circuit’s approach acknowledges that the FELA does not expressly apply to intentional torts, and therefore cautiously extends the statute’s reach into that area. See 
Lancaster
, 773 F.2d at 813. The Seventh Circuit’s precedent is also reasonably based on the fact that a primary purpose of the FELA is to protect railroad workers against physical dangers. 
Lancaster
, 773 F.2d at 813.

Moreover, the Seventh Circuit’s holding on this issue is consistent with the Supreme Court’s analysis in 
Gottshall. 
Although 
Gottshall
 did not consider a claim for intentional infliction of emotional distress, the reasoning employed by the 
Gottshall
 Court supports the Seventh Circuit’s approach. As discussed earlier, one reason the Supreme Court adopted the zone of danger test in 
Gottshall
 was because it is consistent with the FELA’s “central focus on physical perils.” After noting that the FELA was intended to provide compensation for injuries and deaths caused by the physical dangers of railroad work, the Court held that the zone of danger test furthered this goal by allowing railroad workers to recover for emotional injuries caused by the negligent conduct of their employers that “threatens them imminently with physical impact.” 
Gottshall
, 512 U.S. at 555-56, 129 L. Ed. 2d at 447-48, 114 S. Ct. at 2410-11. The Seventh Circuit’s requirement that a plaintiff establish physical contact or the threat thereof to state a claim for intentional infliction of emotional distress under the FELA is consistent with this reasoning. In fact, the 
Gottshall
 Court cited with approval the 
Lancaster
 court’s conclusion that the FELA is aimed at ensuring “ ‘the security of the person from physical invasions or menaces.’ ” 
Gottshall
, 512 U.S. at 555-56, 129 L. Ed. 2d at 447-

48, 114 S. Ct. at 2410, quoting 
Lancaster
, 773 F.2d at 813; see also 
Harris-Scaggs v. Soo-Line R. Co.
, 2 F. Supp. 2d 1179 (E.D. Wis. 1998) (applying 
Gottshall
 zone of danger test to claims for both negligent and intentional infliction of emotional distress); 
Cavanaugh v. Burlington Northern R.R. Co.
, 941 F. Supp. 872, 883 (D. Minn. 1996) (holding, in a post-
Gottshall
 decision, that the FELA is not applicable to claims of intentional infliction of emotional distress lacking a physical dimension).

Further, we note that federal district courts sitting in Illinois are obligated to follow the precedent of the Seventh Circuit Court of Appeals. Consequently, were we to adopt a rule contrary to that of the Seventh Circuit on this issue, as the appellate court did in this case, the viability of a claim for intentional infliction of emotional distress under the FELA could turn on whether the action was filed in federal or state court. The reason that federal decisions are considered controlling on Illinois state courts interpreting a federal statute such as the FELA is so that the statute will be given uniform application. See 
Busch v. Graphic Color Corp.
, 169 Ill. 2d 325, 335 (1996). Adhering to the approach of the Seventh Circuit on this issue promotes this goal of uniformity and avoids the anomalous situation of two contrary results being obtainable depending on where the case is filed in Illinois. Accordingly, we follow the precedent of the Seventh Circuit and hold that, in order to recover for intentional infliction of emotional distress under the FELA, a plaintiff must plead and prove physical contact or the threat of physical contact as a result of the defendant’s acts.

Plaintiff nevertheless contends that we should take a different course based on Illinois common law. Plaintiff argues that, under Illinois common law, the tort of intentional infliction of emotional distress does not require proof of physical contact or the threat of physical contact. Plaintiff correctly points out that, in order to state a claim for intentional infliction of emotional distress under Illinois common law, a plaintiff must allege facts which establish that: (1) the defendant’s conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant’s conduct in fact caused severe emotional distress. 
Doe v. Calumet City
, 161 Ill. 2d 374, 392 (1994). Recitation of the elements of the Illinois common law tort of intentional infliction of emotional distress, however, does not aid plaintiff’s position. Whether a plaintiff may state a cause of action for intentional infliction of emotional distress under Illinois common law does not answer the question of whether he may state that cause of action under the FELA. We are not here construing Illinois common law, but rather, the scope of the FELA and, in so doing, we must be guided by federal decisional law. The Seventh Circuit has spoken unequivocally on the issue and, for the reasons stated above, we elect to follow that precedent. The common law of the state in which a court deciding a FELA claim sits is not dispositive of the action. See 
Urie v. Thompson
, 337 U.S. 163, 174, 93 L. Ed. 1282, 1295, 69 S. Ct. 1018, 1026-27 (1949) (holding that what constitutes negligence under the FELA is to be decided based on federal decisional law, “not varying in accordance with the differing conceptions of negligence applicable under state and local laws”). By way of comparison, in 
Gottshall
, the Supreme Court expressly noted that the zone of danger test for negligent infliction of emotional distress claims was 
not
 the rule in many jurisdictions. 
Gottshall
, 512 U.S. at 548-49, 129 L. Ed. 2d at 443, 114 S. Ct. at 2407. Nonetheless, the Court held that that test must be applied to negligent infliction of emotional distress claims under the FELA because it best effectuated the purposes of the statute. 
Gottshall
, 512 U.S. at 554, 129 L. Ed. 2d at 447, 114 S. Ct. at 2410. Accordingly, the viability of a claim under the FELA will not always coincide with the viability of the claim under state law.

CONCLUSION

For the foregoing reasons, we answer the certified question in the affirmative. The judgment of the appellate court is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Appellate court judgment reversed;

cause remanded.

JUSTICE HARRISON, dissenting:

For the reasons stated by the appellate court in its well-

reasoned opinion, I would hold that a plaintiff need not plead and prove physical contact or threat of physical contact in order to recover for intentional infliction of emotional distress under the FELA. Imposing a physical contact requirement where emotional distress has been inflicted intentionally is nonsensical. It does not comport with the accepted view of the law in the United States. More importantly, it is contrary to the broad remedial purposes of the FELA.

Although the Seventh Circuit’s decisions support the majority’s opinion, that court’s analysis is intellectually and legally untenable. And it is not binding on us. In the end, the only thing that commends the Seventh Circuit’s view is that it will help us achieve consistency with the federal courts. In my view, however, there is no virtue in making the law consistently wrong. That litigants in the lower federal courts must suffer the Seventh Circuit’s rulings is no reason to inflict those rulings on litigants who have the good sense or good fortune to have their cases heard in the courts of Illinois.

The circuit court properly denied the railroad’s motion for summary judgment. Its order, and the judgment of the appellate court upholding that order, should be affirmed.