FIRST DIVISION

March 31, 2004

No. 1-03-0112

EDMOND MEKERTICHIAN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 01 L 14575

)

MERCEDES-BENZ U.S.A., L.L.C., ) Honorable

) Paddy H. McNamara,

Defendant-Appellant. ) Judge Presiding.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff, Edmond Mekertichian, brought the instant cause of action against defendant, Mercedes-Benz U.S.A., for breach of express and implied warranties under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (the Act or Magnuson-Moss) (15 U.S.C. §2301 
et seq.
 (1994)).  Defendant moved for partial summary judgment regarding plaintiff's claim for breach of implied warranty of merchantability, alleging there was no privity between plaintiff and defendant.  The circuit court denied the motion and defendant now appeals.  We affirm the denial of the motion for summary judgment.

BACKGROUND

On November 27, 1999, plaintiff purchased a new 2000 Mercedes-Benz S500V from Autohaus on Edens, Inc.,
(footnote: 1) in Northbrook, Illinois.  Defendant, the manufacturer, provided a 48-month or 50,000-mile limited written warranty with the new automobile.  The warranty provided that any authorized dealership would make repairs or replacements necessary to correct defects in material or workmanship during the warranty period.

Following the purchase, plaintiff began experiencing problems with the vehicle and, on several occasions, took it to Autohaus for repairs.  However, plaintiff claimed that Autohaus was unable to repair the vehicle, and he attempted to revoke his acceptance of the vehicle.  Defendant refused plaintiff's revocation.  Plaintiff subsequently filed a complaint against defendant for breach of written and implied warranties under Magnuson-Moss.  Claiming a lack of vertical privity between the parties, defendant filed a motion for partial summary judgment regarding plaintiff's claim for breach of implied warranty of merchantability.  Defendant argued that because plaintiff did not purchase the vehicle directly from defendant, no vertical privity existed and the breach of implied warranty claim could not be maintained.  The trial court denied the motion, but certified the question as to whether such privity is required pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).

Defendant thereupon filed in this court an application for 
leave to appeal
 under Rule 308, which we denied.  Following a supervisory order from our supreme court, we vacated our order denying leave to appeal and now consider defendant's interlocutory appeal.  For the following reasons, we affirm the denial of defendant's motion for partial summary judgment.

ANALYSIS

Summary judgment is properly granted where the pleadings, depositions, admissions and affidavits show there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2002).  In considering a motion for summary judgment, the motion and supporting documents must be viewed in a light most favorable to the nonmoving party.  
Happel v. Wal-Mart Stores, Inc.
, 199 Ill. 2d 179, 186, 766 N.E. 2d 1118, 1123 (2002).  The granting or denial of a motion for summary judgment is reviewed 
de novo
.
  
Happel
, 199 Ill. 2d at 185, 766 N.E. 2d at 1123.

The instant appeal was brought following the denial of defendant's motion for partial summary judgment.  In its motion, defendant alleged, as it does before this court in its appeal, that an action for breach of an implied warranty of merchantability could not be maintained against it as the manufacturer.  It argues that because it did not sell the vehicle in question to plaintiff, there was no vertical privity between it and plaintiff, a required element under Illinois law when seeking recovery for the breach of an implied warranty.  Plaintiff responds that the action is proper because our supreme court has determined on two occasions, in 
Szajna v. General Motors Corp.
, 115 Ill. 2d 294, 503 N.E.2d 760 (1986), and 
Rothe v. Maloney Cadillac, Inc.
, 119 Ill. 2d 288, 518 N.E.2d 1028 (1988), that Magnuson-Moss expands our state law to provide for vertical privity where a manufacturer provides a written warranty to a consumer.  As shall be discussed below, we find that we are bound by the doctrine of 
stare decisis
 to follow our supreme court's determination in 
Szajna
 and 
Rothe
.

Under the Magnuson-Moss Warranty Act "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" may sue for damages or other equitable relief, and, where a plaintiff prevails, for attorney fees and costs.  15 U.S.C. §§2310(d)(1), (d)(2) (1994).  With respect to actions predicated on the breach of an implied warranty of merchantability, which is at issue here, the Act provides that such actions may arise only under state law.  15 U.S.C. §2301(7) (1994).  The Act does not provide an independent avenue through which implied warranty actions may be filed.  See 
Abraham v. Volkswagen of America, Inc.
, 795 F.2d 238, 247-49 (2d Cir. 1986).  Accordingly, under the terms of the Act itself, any action for breach of implied warranty is governed and limited by state law (except to the extent that state law might be modified by section 2308, dealing with disclaimers of implied warranties, and section 2304(a), dealing with attempts to restrict the duration of an implied warranty, neither of which is at issue here).  See 15 U.S.C. §2301(7) (1994).

In Illinois, actions for breach of implied warranty of merchantability are governed by the Uniform Commercial Code (UCC) (810 ILCS 5/2-314
) (West 2002).  In order for a plaintiff to file a claim for economic damages under the UCC for the breach of an implied warranty, he or she must be in vertical privity of contract with the seller.  
Rothe
, 119 Ill. 2d at 292, 518 N.E.2d at 1029-30; 
Szajna
, 115 Ill. 2d at 311, 503 N.E.2d at 767
.  This means that "the UCC article II implied warranties give a buyer of goods a potential cause of action only against his immediate seller."  
Rothe
, 119 Ill. 2d at 292, 518 N.E.2d at 1029.  Although this vertical privity requirement has been challenged on a number of occasions, our supreme court has consistently declined to abolish the doctrine in cases where purely economic damages are sought.  
Rothe
, 119 Ill. 2d at 292, 518 N.E.2d at 1029-30; 
Szajna
, 115 Ill. 2d at 311
, 503 N.E.2d at 767.

Despite this preservation of the privity requirement, the Illinois Supreme Court in 
Szajna
 and 
Rothe
 found that Magnuson-Moss serves to modify the state law privity requirement in cases filed under the federal Act.  
Rothe
, 119 Ill. 2d at 294, 518 N.E.2d at 1030; 
Szajna
, 115 Ill. 2d at 315-16, 503 N.E.2d at 769.  In 
Szajna
, our supreme court held that, because the purpose of Magnuson-Moss is to "furnish[] broad protection to the consumer" and the Act modifies state law in "several" other of its provisions, under the Act where a manufacturer has expressly warranted a product to a consumer, vertical privity will be deemed to exist with respect to that consumer, enabling him to file an action for breach of implied warranty as well. 
 
Szajna
, 115 Ill. 2d at 315, 503 N.E.2d at 769.  The 
Szajna
 court stated, "under [the Act] a warrantor, by extending a written warranty to the consumer, establishes privity between the warrantor and the consumer which, though limited in nature, is sufficient to support an implied warranty under *** the UCC."  
Szajna
, 115 Ill. 2d at 315-16, 503 N.E.2d at 769.  The same interpretation of Magnuson-Moss was again affirmed by our supreme court in 
Rothe
.  
Rothe
, 119 Ill. 2d at 294-95, 518 N.E.2d at 1030-31.  Simultaneously, our supreme court in 
Szajna
 and 
Rothe
 explicitly declined to relax the privity requirement under similar circumstances under the UCC when Magnuson-Moss was not involved.  Therefore, the supreme court determined that under the federal Act only, vertical privity will be deemed to exist in the presence of a written warranty by a manufacturer to the downstream consumer.  
Szajna
, 115 Ill. 2d at 315-16, 503 N.E.2d at 769.

Although there has been no determination on the vertical privity requirement under Magnuson-Moss by the United States Supreme Court, the holding in 
Szajna
 and 
Rothe
 that under Magnuson-Moss the vertical privity requirement is eliminated has been rejected by a consensus of the federal circuit courts of appeal that have dealt with this question, as well as by the overwhelming majority of federal district court cases.  See 
Walsh v. Ford Motor Co.
, 807 F.2d 1000, 1014 (D.C. Cir. 1986); 
Abraham
, 795 F.2d at 248-49; 
Kutzler v. Thor Industries, Inc.
, No. 03 C 2389 (N.D. Ill. July 14, 2003); 
Kowalke v. Bernard Chevrolet, Inc.
, No. 99 C 7980 (N.D. Ill. March 23, 2000); 
Larry J. Soldinger Associates Ltd. v. Aston Martin Lagonda of North American, Inc.
, No. 97 C. 7792 (N.D. Ill. September 13, 1999); 
Skelton v. General Motors Corp.
, No. 79 C 1243 (N.D. Ill. June 21, 1985).  Under the foregoing cases, the federal courts have taken the position that Magnuson-Moss has not by itself relaxed the privity requirement, but that the determination as to whether privity is required must be based entirely on the application of state law.  Therefore, because Illinois requires contractual privity as a prerequisite for breach of implied warranty claims under its internal law, there must also be vertical privity in breach of implied warranty claims brought pursuant to Magnuson-Moss in Illinois.  
Soldinger
, No. 97 C. 7792; 
Kutzler
, No. 03 C 2389.  Despite three Northern District court decisions to the contrary (see 
Cohen v. AM General Corp.
, 264 F.2d 616 (Ill. 2003); 
Marchionna v. Ford Motor Co.
, No. 94 C 275 (N.D. Ill. August 10, 1995); 
Devens v. Chrysler Corp.
, No. 87 C 8820 (N.D. Ill. May 18, 1988)), this
 reasoning was recently adopted by the Seventh Circuit Court of Appeals in 
Voelker v. Porsche Cars North America, Inc.
, 353 F.3d 516 (7th Cir. 2003).  In 
Voelker
, the court explicitly stated:

"The Magnuson-Moss Act allows a suit for breach of 'an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title).' [Citation.]  Because §§2308 and 2304(a) do not modify, or discuss in any way, a state's ability to establish a privity requirement, whether privity is a prerequisite to a claim for breach of implied warranty under the Magnuson-Moss Act therefore hinges entirely on the applicable state law. [Citations.]  Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty. [Citations.]  Therefore, because it is undisputed that Voelker lacks privity of contract with Porsche, this claim against Porsche was properly dismissed."  
Voelker
, 353 F.3d at 525.

The federal circuit courts of appeal are therefore unanimous, to the extent that they have ruled on this issue, in holding that the federal Act will not bend from its requirement that state law governs the privity requirement.  The federal Act does not purport to forge new law regarding privity when there is a written warranty by the manufacturer.  That has now been made clear by 
Voelker
.

On the other hand, as previously discussed, it is clear that the Illinois Supreme Court, in the 
Szajna
 and 
Rothe
 cases, spoke without equivocation in construing federal law to modify or relax the privity requirement even though state law has not been modified in Illinois 
vis-a-vis
 the requirement of privity in vertical situations.  In short, under our internal law, our supreme court still requires privity even where the manufacturer issues a written warranty, but has held that under Magnuson-Moss privity is deemed to exist where there is a written warranty.  In this regard, our supreme court is not purporting to construe state law, which still requires privity, but purports to construe federal law in finding that Magnuson-Moss expands consumer rights under state law where there is a written warranty.  While this construction finds support among certain state supreme court decisions from other jurisdictions (see, 
e.g.
, 
Ventura v. Ford Motor Corp.
, 180 N.J. Super. 45, 59, 433 A.2d 801, 808 (1981)), the federal circuits are, at this point, definitive in stating that the federal Act does not modify the privity requirement under state law, notwithstanding our supreme court's determination that it does.

Given these premises, this case turns on the doctrine of 
stare decisis
.  The doctrine of 
stare decisis
 is a basic tenet of our legal system, which requires the courts to stand by legal precedent and not disturb settled points of law.   
Wakulich v. Mraz
, 203 Ill. 2d 223, 230, 785 N.E.2d 843, 848 (2003).   On this issue, plaintiff urges that we are bound by our supreme court's decisions in 
Szajna
 and 
Rothe
.  Defendant argues to the contrary, that this court should adopt the reasoning and findings of the federal courts, as this involves the interpretation of a federal statute, which must be applied uniformly in the state and federal courts. 

Defendant cites to 
Wilson v. Norfolk & Western Ry. Co.
, 187 Ill. 2d 369, 718 N.E.2d 172 (1999), for this proposition.  In 
Wilson
, our supreme court followed the Seventh Circuit's interpretation of the Federal Employers' Liability Act (45 U.S.C. §51 
et seq
. (1994)).  In its decision, the court stated that "federal decisions are considered controlling on Illinois state courts interpreting a federal statute" because the federal statute must be given uniform application.  
Wilson
, 187 Ill. 2d at 383, 718 N.E.2d at 179.  Were the Illinois Supreme Court to adopt a rule contrary to that of the Seventh Circuit, the viability of a claim under a federal statute could turn on whether the action was filed in federal or state court.  
Wilson
, 187 Ill. 2d at 383, 718 N.E.2d at 179.

Six months later, however, in 
Weiland v. Telectronics Pacing Systems, Inc.
, 188 Ill. 2d 415, 721 N.E.2d 1149 (1999), our supreme court determined that it need not follow Seventh Circuit precedent interpreting a federal statute for three reasons -- the United States Supreme Court had not ruled on the issue, there was a split of authority among the federal circuit courts of appeals, and the court believed that the controlling Seventh Circuit case was wrongly decided.  
Weiland
, 188 Ill. 2d at 423, 721 N.E.2d at 1154. 
 In an apparent attempt to reconcile the 
Wilson
 and 
Weiland
 decisions, the court then stated in 
Sprietsma v. Mercury Marine
, 197 Ill. 2d 112, 757 N.E.2d 75 (2001), 
reversed on other grounds
, 537 U.S. 51, 123 S. Ct. 518, 154 L. Ed. 2d 466 (2002):

"Although we have stated in the past that the decisions of federal courts interpreting a federal statute are controlling on Illinois courts [citation], this overstates the degree of deference this court must pay to federal decisions. Thus, in [
Wilson
], we elected to follow the precedent of the Seventh Circuit with regard to its interpretation of the Federal Employer's Liability Act (FELA) (45 U.S.C. § 51 
et seq
. (1994)), because we found the Seventh Circuit analysis to be 'reasonable and logical.'  More recently, however, we declined to follow Seventh Circuit precedent in a case involving a preemption issue under FELA when there was a split of authority among the federal circuits and we believed the Seventh Circuit case was wrongly decided. [Citation.]

Nevertheless, as we have repeatedly recognized, uniformity of decision is an important consideration when state courts interpret federal statutes. [Citations.] ***  In the absence of a decision of the United States Supreme Court, which would definitively answer the question presented by this case, we 
elect
 to give considerable weight to the decisions of federal courts of appeals and federal district courts that have addressed this issue."  (Emphasis added.)  
Sprietsma
, 197 Ill. 2d at 119-20, 757 N.E.2d at 80.

Accordingly, f
ederal circuit court decisions are considered persuasive, but not binding on us or our supreme court in the absence of a decision by the United States Supreme Court as recognized in 
Sprietsma
.  See 
Bishop v. Burgard
, 198 Ill. 2d 495, 507, 764 N.E.2d 24, 33 (2002) (where the United States Supreme Court has not ruled on a question, federal circuit courts of appeals exercise no appellate jurisdiction over the Illinois Supreme Court).  As we have previously noted, the United States Supreme Court has not issued any opinions concerning state privity requirements under Magnuson-Moss.  Accordingly, while the Illinois Supreme Court may opt to give weight to the decisions of lower federal courts interpreting a federal statute, it is under no compulsion to do so.  See 
Griffin v. Bruner
, 341 Ill. App. 3d 321, 324, 793 N.E.2d 974, 976 (2003) (while decisions of lower federal courts interpreting a federal statute are not controlling on an Illinois court, the Illinois court may 
opt
 to give weight to the federal court opinions).
(footnote: 2)
 We, however, are bound by the decisions of the Illinois Supreme Court.  
People v. Spahr
, 56 Ill. App. 3d 434, 438, 371 N.E.2d 1261, 1264 (1978) ("Illinois supreme court decisions are binding on all Illinois courts [citation], but decisions of Federal courts other than United States Supreme Court decisions concerning questions of Federal statutory and constitutional law are not binding on Illinois courts").  After our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions.  
Illinois Labor Relations Board v. Chicago Transit Authority
, 341 Ill. App. 3d 751, 758, 793 N.E.2d 730, 735 (2003).  As an inferior court of review, our serving as a reviewing court on our supreme court's interpretation of federal law would inject chaos into the judicial process.  As a result, whether there is going to be any change or modification of the precedent set by 
Rothe
 and 
Szajna
 should first be determined by our supreme court and not by us.

Accordingly, the judgment of the circuit court is affirmed.
(footnote: 3)
 Affirmed.

O'MALLEY, P.J.
, 
and McNULTY, J., concur
.

FOOTNOTES
1:
Because plaintiff only brought suit against the manufacturer, Mercedes-Benz, Autohaus is not a party in this cause of action.

2:
We note that at oral arguments defendant presented a citation for 
Netzel v. United Parcel Service, Inc.
, 165 Ill. App. 3d 685, 520 N.E.2d 665 (1987), in support of its position that federal court decisions are controlling in the interpretation of a federal statute.  However, we do not find
 
Netzel
 persuasive as 
Wilson
, 
Weiland
, and 
Sprietsma
 consist of more current authority set out by a higher court.

3:
Defendant filed a motion to strike plaintiff's appendix, which was taken with the case.  The motion asserts that certain documents included in the appendix were not made part of the record in the court below.  Because those documents have had no bearing on this court's decision, the motion is now moot and need not be considered.